(967 P.2d 1081)

No. 78,816

STATE OF KANSAS, *Appellee*, v. CHAD A. MESSINGER, *Appellant*.

Opinion filed July 24, 1998.

*Denise M. Anderson*, of Anderson Platts Law Firm, of Kansas City, Missouri, for the appellant.

*Jacqueline J. Spradling*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., LEWIS and KNUDSON, JJ.

LEWIS, J.: Defendant was convicted of possession of cocaine and sentenced to 60 months' imprisonment. The sentence was a 20-month upward durational departure, to which defendant stipulated in his plea agreement.

Defendant's criminal history was determined to be category A. Six municipal code violations in defendant's criminal history were converted, pursuant to K.S.A. 1997 Supp. 21-4711, to two person felonies. Five of these six convictions were batteries, and four of those five occurred on September 2, 1990. The other occurred on

August 9, 1990. The final municipal violation was an assault, which occurred on August 7, 1987.

Defendant first argues that the trial court erred in aggregating six municipal convictions into two person felonies for criminal history purposes. The Supreme Court in *State v. Vega-Fuentes*, 264 Kan. 10, 955 P.2d 1235 (1998), decided this issue adversely to defendant's position. In that case, the Supreme Court held that violations of municipal ordinances are to be treated as comparable misdemeanors for calculation of criminal history and aggregation of misdemeanors under K.S.A. 1997 Supp. 21-4711(a). The decision in *Vega-Fuentes* is controlling, and the trial court did not err in aggregating defendant's municipal violations.

Defendant next argues that because four of the municipal batteries occurred on the same day, they cannot count as four separate offenses against criminal history. While making this broad statement, defendant offers no authority and no facts to support his argument that the four batteries were part of a single event. There were three different victims, and each battery was a separate charge. The mere fact they occurred on the same day does not change them into a single battery.

Finally, defendant argues the municipal assault conviction was improperly aggregated. We agree. K.S.A. 1997 Supp. 21-4711(a) provides: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

We conclude the State wrongfully aggregated defendant's misdemeanor assault to create a level 1 person felony. Assault, such as defendant committed, is a class C misdemeanor. Only A and B person misdemeanors are eligible for aggregation under K.S.A. 1997 Supp. 21-4711(a). The net result is that only five of defendant's municipal convictions can be aggregated. Because three are required to make one felony, only one felony results. With the other person felony that defendant had in his criminal history, it appears his total person felonies are two rather than three. It also appears that his criminal history should be B rather than A.

The defendant's sentence is vacated, and the matter is remanded for resentencing. On resentencing, defendant's criminal history shall be calculated in accordance with the analysis set forth in this opinion.

Sentence vacated and case remanded with instructions.