(77 P.3d 153)

Nos. 90,028
90,312
90,313

STATE OF KANSAS, *Appellee*, v. RODERICK E. REED, *Appellant*.

Opinion filed October 3, 2003.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Tristram W. Hunt*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., LEWIS, J., and WAHL, S.J.

RULON, C.J.: Defendant Roderick E. Reed appeals the district court's reimposition of a criminal history score of C based upon the aggregation of several misdemeanor offenses, in opposition to this court's mandate in *State v. Reed*, unpublished opinion, Nos. 86,458/86,459/86,460, filed February 1, 2002 (*Reed I*). We reverse and remand for further proceedings.

Since the issue is whether the district court followed the mandate of this court in *Reed I* and the parties are well informed of the pertinent facts, the background facts of the defendant's criminal convictions and probation revocation will not be restated here.

In *Reed I*, the defendant contested his criminal history score of C, alleging that the sentencing court improperly used a class C misdemeanor conviction in aggregation with two class A misdemeanor convictions to form a person felony. The State conceded that the sentencing court had improperly calculated the defendant's criminal history score. *Reed I*, slip op. at 4.

Upon remand, the sentencing court, disagreeing with the mandate, held a hearing to resolve the resentencing portion of the appellate court mandate. Having reviewed the presentence investigation report, the court assumed that the appellate defender intentionally misrepresented the defendant's criminal history score to this court and to the State. Consequently, the court reimposed the original sentence, based upon a criminal history score of C.

The sole issue on appeal is whether the sentencing court erred in failing to follow the mandate of this court to resentence the defendant using a criminal history score of E. When the decision of a district court has been reversed and remanded for further proceedings, the district court is obliged to effectuate the mandate from the appellate court and may not consider matters which are not essential to the implementation of the ruling of the appellate court. Interpretation of the mandate and a determination of the district court's compliance with that mandate involve questions of law, over which this court has unlimited review. See *In re Marriage of Bahr*, 29 Kan. App. 2d 846, 847, 32 P.3d 1212 (2001), *rev. denied* 273 Kan. 1035 (2002) (citing *Kansas Baptist Convention v. Mesa Operating Ltd. Partnership*, 258 Kan. 226, 231, 898 P.2d 1131 [1995]).

Where the appellate court has decided a particular issue, by explicit language or by necessary implication, the district court is foreclosed from reconsidering such an issue. See *Guidry v. Sheet Metal Workers Intern. Ass'n, Local No. 9*, 10 F.3d 700, 705-06 (10th Cir. 1993).

Here, the appellate mandate was clear. "We affirm in part, vacate the sentence, and remand the cause for resentencing." *Reed I*, slip op. at 4. The reason for remanding the case for resentencing was due to a perceived imposition of an illegal sentence by improperly aggregating some person misdemeanors to create a person felony for purposes of determining the criminal history score. This mandate left the district court with no issues for consideration. The court was merely required to recalculate the defendant's criminal history without aggregation.

The district court, at the sentencing hearing, and the State, on appeal, contend that the district court should not be bound by an appellate court mandate procured by fraud.

However, examining the circumstances of the prior appeal, there seems to be little support for a finding that the appellate defender who prosecuted the prior appeal intentionally misled this court or opposing counsel. Included in the lengthy criminal history of the defendant and pertinent to this discussion are the following offenses and corresponding conviction codes:

4. Reckless driving (K.S.A. 8-1566)—AMU
9. Battery on a law enforcement officer (K.S.A. 21-3414)—AMU
13. Simple assault (Ord. No. 22-16)—AMP
17. Failure to appear (K.S.A. 21-3813)—AMU
19. No liability insurance (Ord. No. 35-10)—AMU
23. Battery on a law enforcement officer (Ord. No. 22-272)—AMU
24. Battery (Ord. No. 22-17)—AMU
25. Battery on a law enforcement officer (Ord. No. 22-272)—AMP
26. Battery on a law enforcement officer (Ord. No. 22-272)—AMP
27. Driving while suspended (Ord. No. 35-820)—AMU
28. Disorderly conduct (Ord. No. 22-66)—AMU
30. Disorderly conduct (Ord. No. 22-66)—AMU

Because K.S.A. 21-4711(a) permits aggregation of three person class A or B misdemeanors to be counted as one person felony for purposes of criminal history scoring, it is clear that only those mis-

demeanors scored as *person* misdemeanors can be so aggregated. The list of offenses in the defendant's criminal history contains a number of offenses that have been unscored, but only three offenses have been scored as person misdemeanors.

While the State's argument, fostered by the district court's explanation of the presentence investigation report, may have correctly explained that the unscored battery and battery of a law enforcement officer offenses were unscored solely because they had been aggregated to create a person felony so they could not again be scored in the criminal history, nothing about the presentence investigation report makes this explanation so obvious that the appellate defender must have intentionally misled this court and the State in the prior appeal. Besides the person misdemeanors which were unscored, the defendant's criminal history contains a number of other unscored non-person misdemeanors. There is no explanation why these offenses were not calculated in the defendant's criminal history score; there is no explanation distinguishing these offenses from the unscored person misdemeanors.

Consequently, it is understandable that an appellate attorney might review the defendant's criminal history and note that only three person misdemeanors were scored, one of which was simple assault, which cannot be used to aggregate misdemeanors into a person felony. See *State v. Messinger*, 25 Kan. App. 2d 339, 340, 967 P.2d 1081 (1998). There is no evidence that the appellate defender handling this matter in *Reed I* intentionally misrepresented the defendant's criminal history score.

Furthermore, if, as the district court and the prosecution claim, the appellate defender's argument was so clearly erroneous when viewed in light of the presentence investigation report, one must question why the State did not contest this issue in *Reed I*, but rather conceded that the defendant's criminal history was incorrect. After all, establishing a defendant's criminal history to a preponderance of the evidence is the State's burden. See *State v. Hatt*, 30 Kan. App. 2d 84, 86, 38 P.3d 738 (2002) (citing K.S.A. 21-4715[c]).

Even though the defendant first objected to his criminal history score on appeal, contending that the district court imposed an illegal sentence, this court decided to consider the issue on appeal. The State, therefore, had an opportunity to explain the presentence investigation report and demonstrate that the district court properly applied the correct criminal history score. The State did not. Rather, the State conceded that the defendant's criminal history score was incorrect. *Reed I*, slip op. at 4.

When the State has acquiesced in a determination of a defendant's criminal history, even if the determination is incorrect or illegal, the State is not permitted to collaterally attack the determination. Where a party, by its own acts, invites error, the law prevents relitigation of the matter. See *Neal v. State*, 25 Kan. App. 2d 705, 706, 971 P.2d 748 (1998), *rev. denied* 266 Kan. 1109 (1999).

The State had an opportunity to defend the imposition of a criminal history score of C during *Reed I*. The State might have filed a motion for this court to reconsider the issue before the mandate was handed down. The State could have petitioned the Kansas Supreme Court for review of this court's decision in *Reed I*. The State did neither of these things.

Consequently, the mandate, although arguably erroneous, is the law of the case. The district court had no discretion but to effect the mandate by resentencing the defendant with a lower criminal history score of E.

We reverse and remand for further proceedings before a different judge.