NOT DESIGNATED FOR PUBLICATION

No. 113,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID PRESSLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 29, 2016.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*:  David Pressley appeals the denial of his motion to correct illegal sentences in Reno County District Court case No. 05 CR 979. Pressley claims the district court erroneously calculated his criminal history which resulted in illegal sentences. We affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2006, Pressley pled guilty to several drug crimes in Reno County. The crimes all occurred in 2005. A presentence investigation report (PSI) showed that Pressley had four prior adult person felony convictions in Sedgwick County District Court case No. 05 CR 1018 (Sedgwick County convictions). The Sedgwick County convictions were Pressley's only prior felony convictions, and their inclusion in his criminal history resulted in an A criminal history score at the time of his sentencing in the Reno County case.

On January 26, 2007, Pressley appeared for sentencing in Reno County with appointed counsel. When the district court asked if there were "any challenges to the criminal history score," Pressley's counsel answered no, and the district court did not question Pressley personally. Finding there were no objections, the district court sentenced Pressley in keeping with an A criminal history score.

More than 7 years later, on August 20, 2014, Pressley filed a pro se motion to correct illegal sentences in Reno County. That motion is the subject of this appeal. Pressley cited K.S.A. 21-4710(a) and contended the Reno County District Court had miscounted the Sedgwick County convictions because those crimes had been charged in the same information or complaint. As understood by the district court, Pressley complained that because the four felonies were included in a single information "only one of the person felonies can be counted toward his criminal history in this matter." The district court denied the motion, however, finding that Pressley's interpretation of K.S.A. 21-4710(a) was in error. Pressley filed a timely appeal.

ANALYSIS

On appeal, Pressley contends his sentences are illegal because "[t]here is . . . no means [of] discerning whether or not the [Sedgwick County convictions] on [his PSI] reflect his actual culpability, and represent a true criminal history."

In considering this appeal we are guided by well settled Kansas law. First, an illegal sentence may be corrected at any time. K.S.A. 22-3504. Second, whether a sentence is illegal is a question of law subject to our unlimited review. *State v. McClelland*, 301 Kan. 815, 830, 347 P.3d 211 (2015).

> "An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served." *State v. LaBelle*, 290 Kan. 529, Syl. ¶ 1, 231 P.3d 1065 (2010).

Pressley briefs the second type of illegal sentence, one which does not conform to the statutory provisions.

It is important to begin our analysis with a statutory provision that Pressley does *not* cite—K.S.A. 21-4710(c): "Except as otherwise provided, all convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history." From this statute it is apparent that Pressley's Sedgwick County convictions were properly counted as part of his criminal history unless statutory provisions otherwise provide. We consider each of the statutory provisions Pressley identifies on appeal to see what effect, if any, they have on K.S.A. 21-4710(c).

First, Pressley identifies the statutory provision he raised in the district court, K.S.A. 21-4710(a). This particular subsection defines a prior conviction as

3

"any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

As we read this definition, the convictions in Pressley's *current* case (Reno County District Court case No. 05 CR 979) were not prior convictions. And if we examine the PSI, we note those convictions in the current case were not included in Pressley's criminal history. But K.S.A. 21-4710(a) does not rule out consideration of Pressley's *prior* case (Sedgwick County District Court case No. 05 CR 1018) because those counts were not "another count in the current case." As a result, contrary to Pressley's assertion, it is of no consequence that the Sedgwick County convictions were charged in the same information or complaint. See *State v. Roderick*, 259 Kan. 107, 116, 911 P.2d 159 (1996); *State v. Swilley*, 25 Kan. App. 2d 492, 493-94, 967 P.2d 339 (1998), *rev. denied* 266 Kan. 1115 (1998); *State v. Messinger*, 25 Kan. App. 2d 339, 340, 967 P.2d 1081 (1998).

Next, in support of his appeal, Pressley cites K.S.A. 21-4642. Of note, this statute was enacted after Pressley committed his crimes in Reno County and repealed before he filed the motion to correct illegal sentences. See L. 2006, ch. 212, sec. 1; L. 2011, ch. 30, sec. 288. Since sentencing is controlled by the laws in effect at the time a defendant committed the crimes, K.S.A. 21-4642 had no effect on Pressley's sentencing in Reno County. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004).

Finally, Pressley cites K.S.A. 21-3107, recodified at K.S.A. 2014 Supp. 21-5109. This statute provides in part:

"When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of

4

such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment." K.S.A. 2014 Supp. 21-5109(a).

Pressley claims that under this provision, "unitary behavior can be multiplied into various charges at the discretion of the State. In effect, Pressley's criminal history rests with the decision of a prosecutor in a different jurisdiction, in a case which occurred prior to the commission of the present offense."

We are uncertain how Pressley's attack on K.S.A. 2014 Supp. 21-5109(a) has any effect on his sentences imposed in Reno County. Pressley does not argue that K.S.A. 2014 Supp. 21-5109(a) was violated in his case, or that a violation would provide an exception to the statutory rule of counting all prior convictions. We conclude that whatever the nature of the acts at issue in the Sedgwick County case, the four separate convictions in that venue were properly counted at sentencing in Reno County. See K.S.A. 21-4710(a) and (c).

Having considered Pressley's arguments and the entire record, we can find no sentencing errors. The Reno County District Court correctly included Pressley's Sedgwick County convictions in his criminal history at sentencing. The same district court also correctly denied Pressley's motion to correct illegal sentences.

Affirmed.