**ROSBOROUGH v. ROSSELL, Colonel, U. S. M. C.**

**No. 1698.**

District Court, D. Maine, S. D.

Aug. 28, 1944.

S. Wallace Dempsey and Charles R. Pierce, both of Washington, D. C., for petitioner.

John D. Clifford, Jr., U. S. Dist. Atty., and Edward J. Harrigan, Asst. U. S. Atty., both of Portland, Me., for respondent.

PETERS, District Judge.

The case was heard on the petition for a writ of habeas corpus. The following are the facts: The petitioner is a seaman, second class, in the U. S. Navy, having enlisted January 6, 1942, for a period of six years. On June 30, 1942, while serving on detached duty as a member of the armed guard crew on the Motor Ship Baltic, under the command of a Lieutenant of the Naval Reserve, the ship being then moored to the dock at Montevideo, Uruguay, the petitioner, while intoxicated, shot and killed the chief officer of the ship. He was first taken into custody by the local police, but a few days later was released by the authorities of Uruguay to the custody of the U.S. Navy. On being returned to the United States he was tried by general court-martial, convened by order of the Acting Secretary of the Navy, the charge and specification upon which he was tried being as follows:

"Charge—Murder—Specification—In that Samuel A. Rosborough, seaman second class, U. S. Navy, while so serving at the U. S. armed guard center, Brooklyn, New York, and while on detached duty as a member of the armed guard crew on board the motor ship Baltic, did, on or about June 30, 1942, on board said ship, then at Montevideo, Uruguay, willfully, feloniously, with malice aforethought, and without justifiable cause, assault, shoot at, and strike with about eleven bullets, exact number to the relator unknown, fired by him, the said Rosborough, from a deadly weapon, to wit, from a loaded thirty caliber machine gun, one Ernest F. Backus, chief officer of said ship, and did therein and thereby then and there inflict mortal wounds in and upon the chest of the said Backus, of which said mortal wounds so inflicted as aforesaid, the said Backus died at or about 12:45 a.m. on said date, on board said ship; the United States then being in a state of war."

348

At the completion of the trial the court-martial made a finding that no malice aforethought had been proved and found the petitioner guilty of voluntary manslaughter. A sentence of twenty years imprisonment was imposed, subsequently reduced by the Secretary to ten years. The petitioner is now confined under that sentence in the Portsmouth Naval Prison from which he is seeking release.

The Motor Ship Baltic was not a public vessel of the United States but was a ship under Panamanian registry flying the flag of the Republic of Panama.

Petitioner contends that the writ should issue and he be discharged from custody because the proceedings of the court-martial were void for lack of jurisdiction. His contention involves consideration of the Articles for the Government of the Navy, especially Article 6, which reads as follows:

"Article 6. Murder. If any person belonging to any public vessel of the United States commits the crime of murder without the territorial jurisdiction thereof, he may be tried by court-martial and punished with death."

It is argued that Article 6 is the only Article under which the Congress has provided that a person can be tried by a Naval court-martial for murder; that as petitioner was tried for murder it must have been under Article 6; but that Article 6 was not applicable because the Baltic was not a public vessel of the United States; therefore the proceedings were void for lack of jurisdiction.

There is nothing in the record of the proceedings, however, to indicate that the petitioner was charged with or tried for a violation of Article 6, or that jurisdiction of the court-martial was claimed under or dependent upon that Article. He was charged with murder under the circumstances described in the specification, not with murder on a public vessel of the United States without the territorial jurisdiction. In re Carter, C.C., 97 F. 496.

■ The jurisdiction of the Navy to try this man for a crime which was a serious breach of discipline did not depend upon where he was at the time, but upon the fact that he was a member of the Naval forces. When he was sworn in as a member of the Naval personnel his civilian situation was changed. He acquired a new status, subject to the disciplinary code of the Navy and the Articles for the government of the Navy enacted by the Congress pursuant to the Constitution. United States v. Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. One of these Articles (22(a)) provides that "all offenses committed by persons belonging to the Navy, which are not specified in the foregoing Articles, shall be punished as a court-martial may direct." This is modified by Article 50 which provides that the death penalty cannot be inflicted except where explicitly provided. As the crime of murder as such was not "specified in the foregoing Articles" it clearly is covered by Article 22 (a) as an offense.

■ The petitioner, however, argues that this is not a proper construction of the Articles because murder, as he claims, is an offense mentioned and specified in the foregoing Articles, to wit, in Article 6. He overlooks the fact that Article 6 specifies not murder generally as such, but a particular offense of murder by a person belonging to a public vessel of the United States while without its jurisdiction, which was not the offense for which the petitioner was tried and convicted. The offense specified in Article 6 is undoubtedly murder, but murder is not necessarily the offense specified in Article 6.

■ The right of the Army and Navy to punish the personnel of their own forces for breaches of discipline and for crimes cannot be doubted. Ex parte Milligan, 71 U.S. 2, 123, 18 L.Ed. 281.

Some incidental questions are raised, including the right to convict of manslaughter on a charge of murder. I have no doubt of that right (see United States v. Mackenzie, D.C., 30 Fed.Cas., No. 18,313), but the only question before me is whether the court-martial had jurisdiction. United States v. Grimley, supra.

Feeling assured that it did, under the Articles for the Government of the Navy, I must deny the petition for the writ.