## HUNSAKER v. RIDGELY.
### Civ. No. 617.

United States District Court
D. Maine, S. D.

Sept. 13, 1949.

Henry M. Fuller, Portsmouth, N. H., for petitioner.

Alton A. Lessard, U. S. Atty., Portland, Maine, Edward J. Harrigan, Asst. U. S. Atty., Portland, Maine, for respondent.

CLIFFORD, District Judge.

This is a proceeding brought pursuant to the provisions of the United States Code Annotated, Title 28, Chapter 153, to determine whether a writ of habeas corpus should issue. The petitioner prays that the writ issue discharging him from the custody of the Commandant of the United States Naval Disciplinary Barracks at Kittery, Maine, where he is presently confined following his conviction by general court martial on the charge of "Scandalous Conduct Tending to the Destruction of Good Morals".

The petitioner filed the within petition on July 25, 1949. On that date the Court conferred with his attorney and with the United States Attorney concerning the filing of briefs and evidence, and other matters relating to the determination of the case by the Court. This Court on August 1, 1949, issued an order to show cause why the writ should not be granted as prayed. Return to this order was made by respondent on August 9, 1949.

Counsel for both petitioner and respondent presented briefs on August 16, 1949, and reply briefs on August 29, 1949, with various exhibits, consisting of records, certificates and other documents, filed pursuant to a stipulation made on August 12,

1949, by the parties. Additional papers not listed in the stipulation, but filed by agreement of the parties, were a notice of separation of petitioner from the United States Naval Service (marked Exhibit No. 1) together with a correction notice (marked Petitioner's Exhibit 5); a certified copy of a letter dated July 25, 1944, appointing petitioner to the rank of ensign in the United States Naval Reserve, and closing out his enlisted record; and also a certified copy of Naval Regulation H6206, relating to the termination of enlisted status upon appointment as a commissioned officer. It was agreed by counsel that all facts necessary for the proper determination of this case were included in the record and the exhibits thus filed with the Court.

■ The petitioner, while serving as a lieutenant (junior grade), United States Navy, was brought to trial on September 9, 1948, before a legally constituted general court martial, duly convened at the United States Receiving Station, Washington, D. C., by order of the Commandant, Potomac River Command. The charges preferred against petitioner, all alleging "Scandalous Conduct Tending to the Destruction of Good Morals", were three:

(1) An original charge, with five specifications
(2) A first additional charge, with three specifications
(3) A second additional charge, with six specifications.

(A specification is the allegation of a distinct offense in support of the general charge, and is comparable to a count in a civilian indictment.)

At the beginning of the trial, the convening authority directed that a nolle prosequi be entered to the second additional charge and the six specifications thereunder.

The petitioner was duly arraigned and convicted by the general court martial of the original charge and the first additional charge, and of all specifications or offenses under both charges. He was sentenced to be dismissed from the United States Naval Service and to be imprisoned at hard labor for a period of five years. The convening authority approved the proceedings, findings, and sentence, but reduced the period of confinement to four years.

On February 14, 1949, the Secretary of the Navy set aside the findings of the original charge and the five specifications thereunder, and the action of the convening authority thereon, but confirmed the findings of the first additional charge and the three specifications thereunder, as well as the action of the convening authority thereon, and thereupon reduced the period of imprisonment at hard labor to twenty-four months. The petitioner has been since confined pursuant to this sentence.

There is left for the consideration of this Court only the first additional charge of "Scandalous Conduct Tending to the Destruction of Good Morals," and the three specifications thereunder. These three specifications allege offenses committed on the following dates:

(1) September 20, 1946
(2) September 20, 1946
(3) September 27, 1947.

On February 17, 1949, the petitioner filed a petition for habeas corpus in the District Court in the District of Columbia, which petition was denied upon the ground, among others, that the petitioner was not within the custody of the then respondent. An appeal was taken in this action but was subsequently withdrawn.

Neither the constitution, the convening, nor the regularity of the proceedings of the court martial, in this case, is assailed; and it is admitted that the prisoner was an officer in the United States Navy at the time of the alleged commission of the third offense or specification. The record discloses that competent, relevant, and material evidence was introduced at the court martial which independently proved the commission of each crime alleged in the three specifications with which this Court is concerned.

The petitioner contends that the general court martial was without jurisdiction to try him for two of the three specifications, although he admits the jurisdiction of the court martial over the third specification.

He asserts that the lack of jurisdiction over two specifications renders the proceedings of the general court martial void in its entirety, and that, therefore, he is illegally detained and entitled to the relief prayed for.

The petitioner, in support of his contention that the general court martial was without jurisdiction to try him for two of the three specifications, relies upon the case of United States ex rel. Hirshberg v. Cooke, 1949, 336 U.S. 210, 69 S.Ct. 530. In this case the petitioner, an enlisted man, was granted an honorable discharge from the Navy on March 26, 1946. He reenlisted in the Navy the following day. Approximately one year thereafter charges were preferred against him, based upon offenses allegedly committed during the previous period of enlistment. He was arraigned before a legally constituted general court martial, was tried, convicted and sentenced. In a habeas corpus proceeding, a Federal District Court, United States ex rel. Hirshberg v. Malanaphy, 73 F.Supp. 990, held the judgment void and ordered his release from custody. The Court of Appeals reversed, 2 Cir., 168 F.2d 503. The Supreme Court granted certiorari, 335 U.S. 842, 69 S.Ct. 66, and the Court of Appeals was reversed, in an unanimous opinion of the Supreme Court, holding, in effect, that a court martial has no jurisdiction to try an enlisted man for offenses committed during a prior enlistment, terminated by an honorable discharge, even though he reenlisted on the day following discharge.

Although the petitioner, in the instant case, denies the jurisdiction of the court martial over the first two specifications, he cites no cases in support of his contention that this purported lack of jurisdiction voids the proceedings as they relate to the third specification.

The respondent asserts to the contrary (1) that there never was a discharge granted to the petitioner, but that it was merely a transfer from his status as an officer in the Naval Reserve to a similar status in the regular Navy, and that all three specifications were therefore well founded; (2) the respondent further asserts that even if there were a discharge, as petitioner contends, and even if the two specifications were, therefore, of no legal effect, nevertheless there was still one good specification remaining under the charge; i. e., the specification relating to the offense allegedly committed on September 27, 1947. He further asserts that the proceedings were legal and not void so far as they related to the conviction and sentence on the third specification; that the sentence actually imposed was well within the limitations of sentence authorized in sections 452 and 457 of Naval Courts and Boards, 1937, for a single offense of "Scandalous Conduct Tending to the Destruction of Good Morals".

The respondent relies upon the case of Rosborough v. Rossell, 1 Cir., 1945, 150 F.2d 809. The facts of that case, briefly stated, are as follows: Rosborough, an enlisted member of the Navy, killed a man while assigned to duty as a member of the armed guard detail on a merchant vessel, and was charged before a court martial with the crime of murder. Under such circumstances, a court martial had no jurisdiction of a charge of murder, although it would have had jurisdiction if the charge preferred had been that of manslaughter. Notwithstanding the fact that the charge of manslaughter was not preferred against Rosborough, the court martial, nevertheless, found him guilty of manslaughter. On habeas corpus, the District Court upheld this conviction and denied the writ. 56 F.Supp. 347. On appeal, the Circuit Court of Appeals reversed, holding that the lack of jurisdiction of the original charge of murder voided the entire proceedings before the court martial.

In this case, however, the Circuit Court of Appeals, speaking through Chief Judge Magruder, by way of dictum, 150 F.2d on page 817, stated: "Rosborough might have been brought to trial on a charge of murder and specification thereunder and a separate charge of manslaughter and specification thereunder. *In such a case a court-martial would have had no jurisdiction of the murder charge, but that would not have rendered the proceedings wholly void,* since it would have had jurisdiction

of the charge of manslaughter; hence, a finding of guilty of manslaughter only and sentence therefor would have been valid." (Emphasis added.)

The respondent further cites Carter v. McClaughry, 1902, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236. The facts in this case are as follows: McClaughry, an officer in the United States Army, was convicted by court martial of a number of charges of fraud against the United States. On review, the President of the United States approved all of the findings except those on twelve specifications of two charges, although he approved other specifications in each of those charges. The President approved the single sentence imposed by the court martial, without change. On habeas corpus, McClaughry argued that the action of the President was, in effect, an increase of the sentence as it related to the approved specifications. The Circuit Court discharged the writ, and on appeal the Supreme Court affirmed. Citing criminal cases in civilian courts to the effect that one good count warranting the judgment supports a guilty verdict, although other counts are bad, the Court held that the sentence of the court martial was valid since it was supported by those specifications which had been approved by the President.

The respondent likewise refers to the case of Vautrot v. United States, 8 Cir., 1944, 144 F.2d 740, a criminal case arising in civilian courts. Although the court there found that the prosecution had sustained a conviction on all of the counts against the defendant, the court observed, by the way of dictum, 144 F.2d at page 741: "It also is well settled that a general sentence is not required to be tested in relation to all the convicted counts of an indictment but is sustainable on any single count capable of supporting it, (citing cases)."

Other cases of like tenor were cited by the respondent in support of his position.

### Findings of Fact.

Petitioner enlisted in the United States Naval Reserve shortly after the war broke out on the 11th day of December 1941. He was called to active duty as an enlisted man on February 2, 1944. On August 8, 1944, he was appointed to the permanent rank of ensign in the United States Naval Reserve and received a temporary appointment as lieutenant (junior grade), United States Naval Reserve, on February 1, 1946, in which capacity he was serving on September 20, 1946, the date of the alleged commission of the offenses described in specifications one and two.

On October 10, 1946, petitioner accepted an appointment as ensign, U. S. Navy, and on the same date was appointed lieutenant (junior grade), U. S. Navy for temporary service.

He thereupon received a "Notice of Separation from the United States Naval Service" reciting therein that he had "Accepted Commission in Regular Navy." This document was undated and unsigned by the petitioner.

Subsequently, under date of November 19, 1948, he received a "Correction Notice" adding to item fourteen of the "Notice of Separation" the date of "October 9, 1946" as the date of separation.

### Conclusions of Law.

(1) This Court has jurisdiction of the persons of the petitioner and the respondent and of the subject matter of this petition.

(2) The petitioner was tried by a duly constituted court martial, legally convened, having jurisdiction of the person of the petitioner, who was accorded due process of law.

(3) Assuming, without deciding, that the petitioner's contention is well founded, to the effect that on October 9, 1946, he was separated from the naval service and that therefore the court martial was without jurisdiction to try petitioner for the two specifications charging offenses committed on September 20, 1946, nevertheless the court martial had jurisdiction of the third specification charging an offense committed on September 27, 1947.

(4) The verdict of guilty on the third specification was not in any way induced

by the introduction of evidence relating to the first two specifications.

(5) The sentence imposed on petitioner by the court martial was not in excess of that authorized by Sections 452 and 457 of Naval Courts and Boards (1937) for a single offense of "Scandalous Conduct Tending to the Destruction of Good Morals".

This Court is of the opinion that the petition for a writ of habeas corpus does not disclose that the petitioner is entitled to a discharge.

It Is Therefore Ordered, Adjudged, and Decreed that said petition be and is hereby denied.