UNITED STATES, Appellee,

v.

**Private E1 William J. READ IV, 137–72–0963, United States Army, Appellant.**

**ACMR 8802818.**

U.S. Army Court of Military Review.

13 Oct. 1989.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Gregory A. Gross, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC.

Before KANE, GILLEY and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted by exceptions and substitutions of one specification of conspiracy to commit larceny of government property in excess of $3,000.00 and two specifications of larceny, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921.

During review of the record, we discovered that the president of the court-martial failed to announce a finding of guilty to Charge I. He did, however, announce a finding of guilty to the Specification of Charge I alleging conspiracy to commit larceny. Findings of guilty were properly announced as to the two specifications of Charge II and to Charge II.

The law requires a verdict to be certain, definite and free from ambiguity. *United States v. Dilday,* 47 C.M.R. 172, 173 (A.C.M.R.1973). Findings that contain inaccuracies or informalities have been held to be immaterial if the intention is evident. *United States v. Darden,* 1 M.J. 574, 575 (A.C.M.R.1975). An announced verdict is sufficient if it enables the court to base judgment thereon and to protect against subsequent prosecution for the same offense. *Id.* The findings of the court, as announced here, sufficiently evidence the court's intention to convict the appellant of both Charge I and its Specification. The specification is the basis for guilt or innocence, not the charge. *United States v. Dilday,* 47 C.M.R. at 174.

The court's failure to follow the formalized procedure in announcing its findings, while improper, did not result in findings that are unclear. We find, after examining

the entire record of trial, that the manifest intent of the court was to find the appellant guilty of both Charge I and its Specification.

The findings of guilty and the sentence are affirmed.