(967 P.2d 339)
No. 78,856

STATE OF KANSAS, *Appellee*, v. DONALD B. SWILLEY, *Appellant*.

Opinion filed September 18, 1998.

*Ryan Kipling Elliot* and *Lisa Nathanson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Sarah S. Henson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., GERNON and KNUDSON, JJ.

GERNON, J.: Donald B. Swilley raises the question on appeal as to whether it was error for the district court to classify his military convictions as felonies for criminal history purposes under the Kansas Sentencing Guidelines Act (KSGA).

Swilley pled no contest to one count of aggravated indecent solicitation of a child, in violation of K.S.A. 1993 Supp. 21-3511. An amended presentence investigation report was prepared which indicated that Swilley's criminal history category was "B." The report reached this determination by concluding his prior court-martial resulted in two person felonies. The district court found that Swilley's criminal history category was B and sentenced him to 39 months' imprisonment.

Swilley later filed a motion to correct his sentence, arguing that his military convictions should not be considered to enhance his sentence.

In 1987, Swilley pled guilty to four specifications, which were part of a charge filed in a general court-martial. Two of the specifications involved committing indecent acts upon the bodies of two different females, both under the age of 16, neither of whom was his wife. These specifications involved touching both of the females and inserting something into the vagina of one of the females. The language of the two separate specifications contains elements virtually identical to our statutes involving indecent liberties with a child. See K.S.A. 21-3503; K.S.A. 21-3504. The other two specifications to which Swilley pled guilty involved giving alcohol to two of the victims and using indecent language.

The specification involving the use of indecent language and a separate charge of rape were dismissed as part of a plea bargain in the military court. Swilley pled not guilty to another specification involving indecent acts with a female and was found not guilty by the general court-martial of that specification.

Swilley maintains that his prior court-martial should only count as a single conviction for criminal history purposes. He claims that while there were separate findings of guilt on several of the specifications, under the general charge, there was only one finding of guilt as to the charge itself.

Under the Rules for Courts-Martial (R.C.M.), a "charge states the article of the code, law of war, or local penal law of an occupied territory which the accused is alleged to have violated." R.C.M. 307(c)(2), The Manual for Courts-Martial, United States (1995). On the other hand, a "specification" is defined as "a plain, concise, and definite statement of the essential facts constituting the offense charged." R.C.M. 307(c)(3). The discussion to R.C.M. 307(c)(2) explains that "[w]hen there are numerous infractions of the same article, there will be only one charge, but several specifications thereunder. There may also be several charges, but each must allege a violation of a different article of the code." It is the specification which forms the basis for guilt or innocence, not the charge. *United States v. Read*, 29 M.J. 690 (A.C.M.R. 1989).

In other words, "[a] specification is the allegation of a distinct offense in support of the general charge, and is comparable to a count in a civilian indictment." *Hunsaker v. Ridgely*, 85 F. Supp. 757, 758 (S.D. Me. 1949).

Here, a general court-martial found Swilley guilty on the general charge and on two of the underlying specifications involving indecent acts and one involving providing alcohol to two of the victims. Since the specifications form the basis for guilt or innocence, Swilley was convicted of three infractions of Article 134. We conclude the district court did not err in concluding that Swilley's court-martial resulted in more than one conviction.

Swilley contends that since military convictions are not classified as either felonies or misdemeanors under the KSGA, the convictions should be classified as misdemeanors. Swilley's contention was recently rejected by this court in *State v. Hernandez*, 24 Kan. App. 2d 285, 286-89, 944 P.2d 188, *rev. denied* 263 Kan. 888 (1997). In *Hernandez*, this court concluded that a sentencing court should compare the "prior conviction to the most comparable Kansas offense to make a felony or misdemeanor determination when such conviction occurred in a jurisdiction that does not distinguish between felonies and misdeameanors." 24 Kan. App. 2d at 288-89.

Under the Uniform Code of Military Justice (UCMJ), all offenses are defined by several punitive articles. See 10 U.S.C. §§ 877-934 (1994). Some of these articles involve offenses similar to the statutory offenses in Kansas, like rape. See 10 U.S.C. § 920 (1994); K.S.A. 1997 Supp. 21-3502. However, the article of the UCMJ under which Swilley was convicted, Article 134, is a general "catch-all" provision and states as follows:

> "Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court." 10 U.S.C. § 934 (1994).

Kansas has no offense which, on its face, compares to this article. Since the article is not definitive and includes a number of crimes,

it is proper to look to the specifications under the charge. We find no error and affirm.

Affirmed.