IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,586

STATE OF KANSAS,
*Appellee*,

v.

ROBIN SMITH,
*Appellant.*

SYLLABUS BY THE COURT

1.

Statutory interpretation presents a question of law over which an appellate court has unlimited review.

2.

When interpreting statutes, an appellate court begins with the fundamental rule that courts give effect to the legislative intent as it is expressed in the statute. The court must apply a statute's plain language when it is clear and unambiguous, rather than determining what the law should be, speculating about the legislative intent, or consulting the legislative history.

3.

When the legislative intention is clear and unmistakable, an appellate court must disregard or correct errors plainly clerical in character, mere inadvertences of terminology, and other similar inaccuracies or deficiencies. But the court cannot delete vital portions from a statute or supply vital omissions. No matter what the Legislature may have intended to do, if it did not in fact do so under any reasonable interpretation of the language used, the defect is one the Legislature alone can correct.

1

4.

K.S.A. 2015 Supp. 21-6811(e)(2)'s plain language precludes a sentencing court from scoring a municipal ordinance violation when the convicting jurisdiction's municipal code fails to designate that violation as either a felony or misdemeanor while it uses those designations for other violations.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 13, 2017. Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed May 17, 2019. Judgment of the Court of Appeals vacating the sentence and remanding to the district court for resentencing is affirmed. Judgment of the district court is vacated and the case is remanded with directions.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause, and *Patrick H. Dunn*, of the same office, was on the briefs for appellant.

*Shawn E. Minihan*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Robin Smith appeals her sentence after pleading guilty to trafficking contraband in a jail. She argues the district court should not have included a Missouri municipal ordinance violation for endangering the welfare of a child as a person misdemeanor when calculating her criminal history score. The Court of Appeals agreed, vacated her sentence, and remanded with directions to exclude the Missouri ordinance violation at resentencing. *State v. Smith*, No. 116,586, 2017 WL 4558253 (Kan. App. 2017) (unpublished opinion). The State seeks review of that decision. We affirm, although our reasoning differs from the panel.

Under the Revised Kansas Sentencing Guidelines Act, K.S.A. 2015 Supp. 21-6801 et seq., an out-of-state crime is classified as either a felony or a misdemeanor according to the convicting jurisdiction when calculating an offender's criminal history score. K.S.A. 2015 Supp. 21-6811(e)(2). But Missouri does not consider municipal ordinance violations to be crimes, and the relevant municipal code designates some violations as misdemeanors, but not Smith's. This case is remanded for resentencing with directions to exclude the Missouri ordinance violation.

FACTUAL AND PROCEDURAL BACKGROUND

Smith pleaded guilty to trafficking contraband in a jail, a crime the State alleged occurred on January 21, 2016. The district court accepted the plea, pronounced her guilty, and ordered a presentence investigation. Her criminal history worksheet assigned her a score of "D." It reflected nine prior misdemeanor offenses, but only five were scored. Among those scored as an "Adult Misdemeanor Conversion" was a 2005 municipal ordinance violation from Lake Lotawana, Missouri, for endangering the welfare of a child.

It is undisputed this ordinance violation is not a crime under Missouri state law. Similarly, Lake Lotawana Municipal Code does not consider Smith's ordinance violation to be a felony or misdemeanor. Lake Lotawana Mun. Code § 210.050 (2010). In fact, the city's municipal code designates some offenses as misdemeanors, but not that one. Compare Lake Lotawana Mun. Code § 110.140 (2010) (providing city treasurer guilty of misdemeanor upon disbursing city funds on warrant or order of board of aldermen before requisite financial statement published); § 205.130.B. (declaring animal neglect a misdemeanor); § 210.190 (declaring corrupting or diverting water supply a misdemeanor); § 210.250 (declaring discharging an air gun or similar devices a misdemeanor); § 125.150 ("Any person charged with a violation of a municipal

3

ordinance of this City shall be entitled to a trial by jury, *as in prosecutions for misdemeanors . . . .*" [Emphasis added.]), with Lake Lotawana Mun. Code § 210.050 (silent on designation of misdemeanor for conviction of endangering the welfare of a child).

In Kansas, a criminal history score of "D" applies when "[t]he offender's criminal history includes one adult conviction or juvenile adjudication for a person felony, but no adult conviction or juvenile adjudications for a nonperson felony." K.S.A. 2015 Supp. 21-6809. And because Smith did not have any prior felony convictions, her "D" score must have been based on K.S.A. 2015 Supp. 21-6811(a), which provides:

"Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

Smith did not object to her criminal history score at the time. Instead, she requested a downward dispositional departure, which the district court denied before sentencing her according to the plea agreement. It imposed the low grid box, 50-month prison sentence and ordered the sentence to run concurrently with a sentence in a different case for which she was on probation. Smith timely appealed. The only issue raised is whether the sentencing court properly classified her ordinance violation as a misdemeanor.

Smith argued a crime's classification depends on how the convicting jurisdiction classifies it, and city ordinance violations are not crimes under Missouri law. The State countered that the violation was properly scored. It argued the Legislature intended municipal ordinances to be scored, and that Smith's violation was comparable to the

4

Kansas endangering a child misdemeanor. See K.S.A. 2018 Supp. 21-5601(a), (c)(1). Alternatively, it insisted any error classifying the Lake Lotawana child endangerment violation as a misdemeanor was harmless because she had another ordinance violation that could be scored as a misdemeanor, i.e., a Lake Lotawana assault.

The Court of Appeals vacated Smith's sentence and remanded her case to the district court for resentencing. It held the rule of lenity applied because the sentencing guidelines were silent about how to classify an out-of-state ordinance violation when the convicting jurisdiction does not consider an ordinance violation to be a crime. *Smith*, 2017 WL 4558253, at *4-5 (citing *State v. Horselooking*, 54 Kan. App. 2d 343, 400 P.3d 189 [2017]). It rejected the State's harmless error argument because the ordinance violation for assault suffers from the same problem, i.e., Missouri does not classify municipal ordinance violations for assault as misdemeanors or felonies, or even crimes. 2017 WL 4558253, at *5.

We granted the State's timely petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

The issue is whether the sentencing court erred in classifying Smith's Missouri municipal ordinance violation as a misdemeanor when calculating her criminal history score.

*Standard of review*

Whether either ordinance violation should be included in Smith's criminal history involves interpretation of the KSGA. This is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

When interpreting a statute, an appellate court begins with the fundamental rule that the court gives effect to the legislative intent as expressed in the statute. The court must apply the statute's plain language when it is clear and unambiguous, instead of determining what the law should be, speculating on the legislative intent, or consulting the legislative history. The court must derive the legislative intent by first applying the meaning of the statute's text to decide its effect in a specific situation. It is only when the statutory language is unclear or ambiguous that the court uses the canons of statutory construction, reviews the statute's legislative history, or considers other background information to ascertain the statute's meaning. *State v. Collins*, 303 Kan. 472, 474, 362 P.3d 1098 (2015).

*Statutory background*

Under the KSGA, an offense's sentencing range is determined by the current crime's severity level and the offender's criminal history score. *Keel,* 302 Kan. 560, Syl. ¶ 9. "'[C]riminal history' means and includes an offender's criminal record of adult felony, class A misdemeanor, class B person misdemeanor or select misdemeanor convictions and comparable juvenile adjudications at the time such offender is sentenced." K.S.A. 2015 Supp. 21-6803(c). The Act provides:

> "(a) Criminal history categories contained in the sentencing guidelines grids are
> based on the following types of prior convictions:  Person felony adult convictions,

6

nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, person misdemeanor adult convictions, nonperson class A misdemeanor adult convictions, person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, select class B nonperson misdemeanor adult convictions, select class B nonperson misdemeanor juvenile adjudications and *convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor.* . . .

. . . .

"(d) Except as provided in K.S.A. 2015 Supp. 21-6815 . . . the following are applicable to determining an offender's criminal history classification:

. . . .

(5) All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and *all municipal ordinance and county resolution violations comparable to such misdemeanors*, *shall be considered and scored.* Prior misdemeanors for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." (Emphases added.) K.S.A. 2015 Supp. 21-6810.

The misdemeanor class designations and person/nonperson designations reflected in the "criminal history" definition and the quoted portions of K.S.A. 2015 Supp. 21-6810 are creatures of Kansas law devised for sentencing purposes. See K.S.A. 2015 Supp. 21-6602(a) (establishing classes of misdemeanors for sentencing purposes); *Keel*, 302 Kan. at 574 ("Upon implementation of the KSGA, the legislature added person and nonperson language to most criminal statutes defining crimes.").

7

K.S.A. 2015 Supp. 21-6811 supplies additional rules a district court must use when determining criminal history classification. The first rule resulted in Smith's misdemeanors being scored as a person felony. See K.S.A. 2015 Supp. 21-6811(a). Another governs how a sentencing court translates a prior out-of-state crime into the language of the KSGA for purposes of calculating criminal history:

"(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

(2) An out-of-state crime will be classified as either a felony or a misdemeanor *according to the convicting jurisdiction*:

(A) If a crime is a felony in another state, it will be counted as a felony in Kansas.

(B) *If a crime is a misdemeanor in another state*, the state of Kansas shall refer to the comparable offense in order to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable misdemeanor crime in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable crime, the out-of-state crime shall not be used in classifying the offender's criminal history.

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.

8

(4) Convictions or adjudications occurring within the federal system, *other state systems*, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications.

(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." (Emphases added.) K.S.A. 2015 Supp. 21-6811.

Classifying a prior out-of-state conviction under this rule is a two-step process. First, the sentencing court must "classify the crime as a felony or misdemeanor consistent with the classification made by the convicting jurisdiction." *State v. Lackey*, 45 Kan. App. 2d 257, 261, 246 P.3d 998 (2011). Then, it must classify the crime as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code in effect when the defendant committed the current crime of conviction. See *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 2, 412 P.3d 984 (2018).

*Conflicting lower court decisions*

The Court of Appeals has decided several cases involving classifying unlabeled out-of-state crimes as felonies or misdemeanors with varying and conflicting analytical paths. See, e.g., *State v. Horselooking*, 54 Kan. App. 2d 343, Syl. ¶ 7, 400 P.3d 189 (2017), *rev. granted* 307 Kan. 990 (holding Kickapoo nation tribal code violations must be scored as misdemeanors because the tribal code does not distinguish between misdemeanors and felonies); *State v. Hernandez*, 24 Kan. App. 2d 285, Syl. ¶ 2, 944 P.2d 188 (1997) (concluding Legislature intended sentencing court to compare prior conviction to most comparable Kansas offense to make felony or misdemeanor determination when convicting jurisdiction does not distinguish between felonies and misdemeanors); *State v. Guenther*, No. 116,386, 2018 WL 2073521, at *10-12 (Kan. App. 2018) (unpublished opinion) (holding lack of statutory mechanism for classifying

9

Missouri ordinance violation as felony or misdemeanor precluded including the violation in criminal history); see also *Lackey*, 45 Kan. App. 2d at 263-65 (applying *Hernandez* and holding Missouri municipal ordinance violations for domestic battery and aggravated assault should be classified as misdemeanors); *State v. Swilley*, 25 Kan. App. 2d 492, 494, 967 P.2d 339 (1998) (applying *Hernandez* and holding military court martials should be scored as misdemeanors since "Kansas ha[d] no offense which, on its face, compare[s] to" the military code violation).

On their facts, these cases deal with two situations: (1) when the convicting jurisdiction does not distinguish at all between felonies and misdemeanors; and (2) when the convicting jurisdiction identifies other crimes as felonies or misdemeanors but does not apply either label to the offense in question. We review each for additional background.

### *(1) When the convicting jurisdiction does not distinguish between felonies and misdemeanors*

The Court of Appeals decisions outline three approaches to this situation. First, the sentencing court would compare a prior conviction to the most comparable Kansas offense to make the felony or misdemeanor determination. See *Hernandez*, 24 Kan. App. 2d at 288-89. The *Hernandez* court adopted this approach because "judicial interpretations must be reasonable and sensible to effectuate the legislative design and true intent of the legislature." 24 Kan. App. 2d at 288. In the *Hernandez* court's view, requiring all crimes in non-classifying jurisdictions to be scored as misdemeanors would subvert the Legislature's "specific intent" that all prior adult felony convictions be considered and scored. 24 Kan. App. 2d at 288. The court observed,

> "The legislature knows that under general principles of criminal jurisprudence, states
> generally divide the seriousness of crimes into two basic categories, felonies and

10

misdemeanors. It is equally clear that the two most important factors for the court to consider in determining a sentence under the KSGA is [*sic*] the criminal history of the defendant and the severity of the crime committed." 24 Kan. App. 2d at 288.

In 2011, another Court of Appeals panel in *Lackey* reaffirmed the *Hernandez* approach, adding that "the legislature is deemed to have approved the construction" because it had "not modified the applicable statutes to repudiate" the case. *Lackey*, 45 Kan. App. 2d at 264-65.

Under the second approach, the sentencing court would simply classify the prior conviction as a misdemeanor. See *Horselooking*, 54 Kan. App. 2d 343, Syl. ¶ 7. The *Horselooking* court reasoned that because K.S.A. 2015 Supp. 21-6811(e) is silent about whether to classify a tribal conviction as a felony or a misdemeanor, the conviction must be classified as a misdemeanor under the rule of lenity. 54 Kan. App. 2d at 354. The court disagreed with the *Hernandez* approach because recent Kansas Supreme Court caselaw "emphasized that an appellate court should refrain from reading language into a statute that is not readily found therein." 54 Kan. App. 2d at 353.

The third approach, as expressed by Judge G. Gordon Atcheson in his *Horselooking* dissent, advocates that the sentencing court would not be controlled by the "rote bureaucratic formality" of looking only to whether the other jurisdiction labeled or termed the prior crime a felony. 54 Kan. App. 2d at 358 (Atcheson, J., dissenting). Instead, if the convicting jurisdiction did not use those labels, the sentencing court should scrutinize that jurisdiction's laws to determine whether the crime is "a serious or major one—which is to say a felony without the label." 54 Kan. App. 2d at 358 (Atcheson, J., dissenting). Judge Atcheson explains:

11

"A district court considering a conviction from such a jurisdiction for criminal history purposes may examine that jurisdiction's scheme of crimes and punishments to see if it imposes a classification distinguishing between serious crimes, on the one hand, and minor crimes, on the other. If the classes replicate a division comparable to the historical or common one between felonies and misdemeanors, then the district court should apply that scheme and treat the conviction accordingly for criminal history purposes. So missing labels alone do not require the district court to declare a default in scoring a conviction from another jurisdiction." 54 Kan. App. 2d at 359 (Atcheson, J., dissenting).

### (2) When the convicting jurisdiction identifies other crimes as felonies or misdemeanors but does not apply either label to the offense in question

Again, the Court of Appeals decisions take divergent approaches. The first is illustrated by *Lackey*, in which the panel applied the *Hernandez* comparable-Kansas-crime rule to conclude Missouri ordinance violations were properly included in the criminal history score. *Lackey*, 45 Kan. App. 2d at 265. The panel reasoned that even though the violations were "'quasi-criminal in nature'" under Missouri law, the defendant could not rely "on one isolated provision of a much broader statutory scheme." 45 Kan. App. 2d at 261-63. Instead, it held *Hernandez* defeated the claim that the statute's failure to explain how to classify the ordinance violations as felonies or misdemeanors indicated the Legislature's intent to exclude them from an individual's criminal history. 45 Kan. App. 2d at 263-65.

The second and third are variations on a theme: the KSGA's silence is dispositive. In Smith's case, the panel held statutory silence "on how to classify an out-of-state ordinance violation when the convicting jurisdiction does not consider an ordinance violation to be a crime" was an ambiguity resolved in the defendant's favor by the rule of lenity. *Smith*, 2017 WL 4558253, at *5. A different panel has held ordinance violations not labeled as felony or misdemeanors cannot be included in an offender's criminal

12

history because the KSGA simply "lack[s] a mechanism for classifying [the] violations as class A, B, or C misdemeanors." *Guenther*, 2018 WL 2073521, at *9.

*The district court erred.*

The State urges us to adopt the approaches in *Hernandez*, *Lackey*, and Judge Atcheson's dissent in *Horselooking*, to conclude the Lake Lotawana ordinance violation was properly included in Smith's criminal history. Smith argues the Lake Lotawana violation is not a "conviction" because Missouri considers municipal ordinance violations only quasi-criminal in nature. The panel found the majority's rationale in *Horselooking* to be persuasive and adopted it as its own. *Smith*, 2017 WL 4558253, at *5 ("Because the KSGA is silent on how to classify an out-of-state ordinance violation when the convicting jurisdiction does not consider an ordinance violation to be a crime, then under the rationale of *Horselooking* and the rule of lenity, the district court erred in classifying Smith's Missouri ordinance violation of endangering the welfare of a child as a person misdemeanor and aggregating that ordinance violation with the two Johnson County, Kansas, person misdemeanor convictions to form one person felony.").

We note the Legislature amended K.S.A. 2018 Supp. 21-6811(e)(2) to provide:

"(C) If a crime is not classified as either a felony or a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as either a felony or a misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history." L. 2018, ch. 16, § 1.

13

The State has not asked for an opportunity to brief whether this legislative amendment should apply retroactively to Smith. See *Guenther*, 2018 WL 2073521, at *7-9 (holding amended statute did not apply retroactively to classification of Missouri municipal ordinance violations for sentences imposed in 2015 and 2016).

Applying the version of the statute in effect at the time of Smith's current crime, we hold the district court erred. When, as here, the convicting jurisdiction uses felony or misdemeanor classifications, the statute's plain language precludes the district court's designation of this offense as a misdemeanor because Smith's ordinance violation is neither a felony nor a misdemeanor "according to the convicting jurisdiction." K.S.A. 2015 Supp. 21-6811(e)(2); see also *Guenther*, 2018 WL 2073521, at *7-9.

The KSGA fails to address this fairly obvious circumstance when a crime is not designated as a felony or a misdemeanor in the convicting jurisdiction. Generally, a court cannot add vital omissions to a statute, regardless of what might be determined as the legislative intention. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 464-65, 228 P.3d 403 (2010). As we stated in *Kenyon v. Kansas Power & Light Co.*, 254 Kan. 287, Syl. ¶ 4, 864 P.2d 1161 (1993):

> "In construing a statute, errors plainly clerical in character, mere inadvertences of terminology, and other similar inaccuracies or deficiencies will be disregarded or corrected where the intention of the legislature is plain and unmistakable. But the court cannot delete vital portions or supply vital omissions in a statute. No matter what the legislature may have intended to do, if it did not in fact do so under any reasonable interpretation of the language used, the defect is one that the legislature alone can correct."

In Smith's case, the ordinance violation is not a crime under Missouri state law. And even if it were, the Lake Lotawana Municipal Code, which is the applicable

14

jurisdiction, cannot serve as authority for such an upgrading because it specifically lists some other offenses as misdemeanors—but not this one, i.e., endangering a child's welfare.

*The error scoring the violation as a misdemeanor is not harmless.*

The State's fallback argument is that if the sentencing court erred by scoring the endangering the welfare of a child violation as a person misdemeanor, the Lake Lotawana assault conviction could stand in its place. But this argument fails for the same reason— the violation is not a crime under Missouri law and it is not a misdemeanor under the Lake Lotawana Municipal Code. See Lake Lotawana Mun. Code § 210.010 (2010). Neither out-of-state ordinance violation can be scored.

We affirm the judgment of the Court of Appeals. Smith's sentence is vacated, and her case is remanded with directions on resentencing.

LUCKERT, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 116,586 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.