NOT DESIGNATED FOR PUBLICATION

No. 123,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TREYVAUN L. GRIFFIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 15, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., POWELL and CLINE, JJ.


PER CURIAM: Treyvaun L. Griffin appeals the district court's classification of his Texas juvenile adjudication for aggravated robbery as a person felony when calculating his criminal history score and resulting sentence for his attempted aggravated robbery conviction. Griffin claims the Texas statute under which he was adjudicated does not require a threat of bodily injury, making it broader and thus not comparable to Kansas' aggravated robbery statute. If Griffin is correct, then the district court should have scored this adjudication as a nonperson felony, thus changing his criminal history score from B to C.

1

We find the district court properly classified Griffin's prior Texas adjudication as a person felony. Texas courts have consistently interpreted Texas' aggravated robbery statute to require a threat of bodily injury, making it comparable to Kansas' aggravated robbery statute. We affirm Griffin's sentence.

*Calculation of Griffin's Criminal History Score*

Griffin pleaded guilty to attempted aggravated robbery in violation of K.S.A. 2018 Supp. 21-5301(a),(c)(1) and K.S.A. 2018 Supp. 21-5420(b)(1), a severity level 5 person felony, based on an incident that occurred on March 22, 2019. This date is important to our analysis, as we explain below.

Griffin's presentence investigation (PSI) report listed eight prior juvenile adjudications. The only one at issue in this appeal is his juvenile adjudication from Dallas County, Texas, for aggravated robbery in violation of Tex. Penal Code Ann. § 29.03 (2015). Because the PSI report classified this adjudication as a "Juvenile Felony Person," Griffin's criminal history score was calculated at B.

Griffin objected to this classification before the district court, arguing this adjudication should be scored as a nonperson felony. He claimed the Texas aggravated robbery statute is broader than the Kansas aggravated robbery statute—and therefore not comparable—because he said the Texas statute allows for a robbery conviction upon any intentional or knowing threat, while the Kansas statute specifically requires a threat of bodily harm. In response, the State pointed out Texas courts interpret the Texas statute to require a threat a bodily harm.

At sentencing, the district court agreed with the State, thus finding the Texas statute comparable to Kansas' statute. The court found Griffin's PSI report properly classified his Texas adjudication for aggravated robbery as a person felony and thus

2

Griffin's criminal history score was a B. Because his current crime of attempted aggravated robbery has a severity level of 5, Griffin fell within the 5-B sentencing box, which had a sentencing range of 114, 120, or 128 months in prison. The court sentenced Griffin to 120 months in prison, to run concurrent with his Texas case, and 24 months' postrelease supervision.

Griffin revives his argument on appeal, claiming the district court erred in classifying his Texas juvenile adjudication for aggravated robbery as a person felony rather than a nonperson felony when calculating his criminal history score. He asks us to vacate his sentence and remand with instructions to resentence him using the proper criminal history score.

*Applicable Law and Standard of Review*

Under the revised Kansas Sentencing Guidelines Act (KSGA), an offender's criminal history score—which is used along with the severity level of the offender's current crime to determine the presumptive sentencing range—depends on the offender's prior convictions, including juvenile adjudications and out-of-state convictions. See K.S.A. 2018 Supp. 21-6803(q); K.S.A. 2018 Supp. 21-6810 (providing criminal history is based on prior convictions); *State v. Samuels*, 313 Kan. 876, 878, 492 P.3d 404 (2021); *State v. Smith*, 309 Kan. 929, 933, 441 P.3d 472 (2019).

The KSGA sets forth directions in K.S.A. 2018 Supp. 21-6811(e) for classifying out-of-state convictions and juvenile adjudications when determining an offender's criminal history score. See *Samuels*, 313 Kan. at 878-79; see also *Smith*, 309 Kan. at 934 (explaining subsection [e] of K.S.A. 2015 Supp. 21-6811 "governs how a sentencing court translates a prior out-of-state crime into the language of the KSGA for purposes of calculating criminal history"). K.S.A. 2018 Supp. 21-6811(e), in effect when Griffin committed his current crime, controls. See *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d

430 (2018) ("Criminal statutes and penalties in effect at the time of the criminal act are controlling.").

Griffin correctly notes (and the State agrees) the version that applies here is K.S.A. 2018 Supp. 21-6811(e). While the Legislature amended the statute effective May 23, 2019, those amendments are not retroactive. *Samuels*, 313 Kan. at 879. Griffin committed his crime on March 22, 2019, so the 2019 amendment does not apply. See 313 Kan. at 879 (applying version of K.S.A. 21-6811[e] that was in place when defendant committed current crime).

Under K.S.A. 2018 Supp. 21-6811(e), district courts classify out-of-state convictions and juvenile adjudications using a using a two-step process. First, the court must classify the crime as either a felony or a misdemeanor according to the convicting jurisdiction's classification. See K.S.A. 2018 Supp. 21-6811(e)(2). Griffin acknowledges that his juvenile adjudication for aggravated robbery was classified as a felony in Texas, and he does not dispute this classification on appeal. Second, the court must classify the crime as either a person or a nonperson offense. See K.S.A. 2018 Supp. 21-6811(e)(3). "In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." K.S.A. 2018 Supp. 21-6811(e)(3). Thus, if there is a comparable Kansas crime and Kansas classifies it as a person offense, the out-of-state conviction or adjudication must also be scored as a person offense. See 2018 Supp. 21-6811(e)(3). But if the comparable Kansas crime is classified as a nonperson offense, or "[i]f the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime." See K.S.A. 2018 Supp. 21-6811(e)(3).

In *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018), the Kansas Supreme Court defined "comparable," as the term is used in K.S.A. 2017 Supp. 21-6811(e)(3):

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced."
> *Wetrich*, 307 Kan. at 562.

Both parties agree that *Wetrich*'s identical-or-narrower test controls the analysis here.

As to the applicable standard of review, comparing the elements of an out-of-state crime to the elements of a Kansas crime requires statutory interpretation of both the Kansas statute and the out-of-state statute, which is a question of law subject to unlimited review. See *Samuels*, 313 Kan. at 880 ("To make the comparison between the statutes, courts must interpret the Kansas and out-of-state statutes. Statutory interpretation presents a question of law subject to unlimited review.").

*Analysis of the Texas and Kansas statutes*

As noted above, Griffin argues that the Texas statute for aggravated robbery is broader than the Kansas statute for aggravated robbery. His argument focuses on the language in each state's robbery statute—which is appropriate because in both states, robbery is an element of aggravated robbery. See Tex. Penal Code Ann. § 29.02; Tex. Penal Code Ann. § 29.03; K.S.A. 2018 Supp. 21-5420. Stated broadly, Griffin argues that robbery committed by threat under Tex. Penal Code Ann. § 29.02(a)(2) is broader than robbery committed by threat under K.S.A. 2018 Supp. 21-5420(a), because under Texas' statute, robbery can be committed by any general threat, but under Kansas' statute, robbery can be committed only by a threat to commit bodily harm.

Texas' robbery statute, Tex. Penal Code Ann. § 29.02 (2015), provides:

"(a) A person commits [robbery] if, in the course of committing theft as defined in Chapter 31and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly *threatens* or places another in fear of imminent bodily injury or death." (Emphasis added.)

Texas' aggravated robbery statute, Tex. Penal Code Ann. § 29.03 (2015), provides:

"(a) A person commits [aggravated robbery] if he commits robbery as defined in Section 29.02, and he:

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

(A) 65 years of age or older; or

(B) a disabled person."

In Kansas, both robbery and aggravated robbery are codified at K.S.A. 2018 Supp. 21-5420, which provides:

"(a) Robbery is knowingly taking property from the person or presence of another by force or by *threat of bodily harm to any person*.

"(b) Aggravated robbery is robbery, as defined in subsection (a), when committed by a person who:

(1) Is armed with a dangerous weapon; or

(2) inflicts bodily harm upon any person in the course of such robbery." (Emphasis added.) K.S.A. 2018 Supp. 21-5420.

6

Griffin asserts that robbery committed by threat under Tex. Penal Code Ann. § 29.02(a)(2) can be committed by any general threat because he interprets the language, "threatens or places another in fear of imminent bodily injury or death," as two alternative means of committing the offense—by either (1) a general threat or (2) placing another in fear of imminent bodily injury or death. Or in other words, Griffin does not read the Texas statute to require a threat of bodily injury—as in "threatens . . . imminent bodily injury or death"—because he interprets the language, "imminent bodily injury," as part of the separate alternative offense, "places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a)(2). He relies on the definition of "threat" from Black's Law Dictionary, asserting the definition not only includes a communicated intent to cause bodily harm, but also a communicated intent to cause loss or harm to property. See Black's Law Dictionary 1783 (11th ed. 2019). Based on this definition of "threat," he argues the plain language of Texas' robbery statute includes general threats—such as threats to cause mental anguish, reputational harm, or financial loss—along with threats to commit bodily harm and, as a result, it is broader than Kansas' robbery statute that specifically requires a threat of bodily harm.

The problem with Griffin's argument is it is at odds with how Texas courts interpret the Texas statute. The Court of Criminal Appeals of Texas—the highest court in Texas on matters of criminal law—has interpreted Tex. Penal Code Ann. § 29.02(a)(2) to require a threat *of bodily injury*:

> "The plain language of the statute encompasses not just explicit threats, but whatever implicit threats may lead to the victim being placed in fear. So long as the defendant's actions are 'of such nature as in reason and common experience is likely to induce a person to part with his property against his will,' any actual or perceived *threat of imminent bodily injury* will satisfy this element of the offense." (Emphasis added.) *Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011).

7

See also *Temple v. State*, 342 S.W.3d 572, 627 (Tex. App. 2010) (Brown, J., concurring) (providing Court of Criminal Appeals is highest court on matters of criminal law); *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (referencing § 29.02[a][2] and noting, "[w]hen a robbery is effected by *threats of bodily injury* or placing another in fear, that fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will," and "[t]he *threat* or conduct placing another in fear *must be of imminent bodily injury*" [emphases added]).

The Court of Criminal Appeals has also noted that "'[t]he primary interest protected by the robbery offenses is the security of the person from bodily injury or *threat of bodily injury* that is committed in the course of committing theft.'" (Emphasis added.) *Garfias v. State*, 424 S.W.3d 54, 60 n.44 (Tex. Crim. App. 2014).

We follow the path charted by the Kansas Supreme Court in *State v. Williams*, 311 Kan. 88, 456 P.3d 540 (2020), and see no reason to depart from Texas courts' interpretation of a Texas statute. See 311 Kan. at 98 (looking to how Mississippi courts interpreted Mississippi statute when applying *Wetrich* test to determine whether Mississippi crime was comparable to Kansas crime). Since Texas caselaw interprets Tex. Penal Code Ann. § 29.02(a)(2)—like K.S.A. 2018 Supp. 21-5420(a)—to require a threat *of bodily harm*, the threat element of the Texas robbery statute (and thus the aggravated robbery statute) is not broader than Kansas' statute. Rather, Kansas' threat element is broader because it does not require a culpable mental state, while Texas requires that the defendant "*intentionally or knowingly* threatens . . . imminent bodily injury or death." (Emphasis added.) Tex. Penal Code Ann. § 29.02; see *State v. Moulin*, No. 120,326, 2019 WL 5485147, at *2-3 (Kan. App. 2019) (unpublished opinion) (comparing Texas robbery under Tex. Penal Code Ann. §29.02[a][1]—rather than the subsection at issue, [a][2]—to Kansas robbery by force under K.S.A. 2017 Supp. 21-5420 and concluding Texas' force element in [a][1] was narrower because it required mental state that Kansas' force element did not—"intentionally, knowingly, or recklessly").

8

For these reasons, the two statutes are comparable. The district court did not err in classifying Griffin's Texas adjudication as a person offense.

Affirmed.