NOT DESIGNATED FOR PUBLICATION

No. 121,263

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN ANTHONY MAJOR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed August 21, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.


PER CURIAM: After pleading guilty to possession of methamphetamine and misdemeanor DUI, the district court sentenced Steven Major to 24 months in prison but released him on probation for a term of 12 months. The district court later revoked Major's probation and imposed his underlying sentence, finding that Major had absconded from supervision. On appeal, Major claims the district court erred by classifying his prior out-of-state offense as a felony and by finding that he absconded. For the reasons stated below, we find no error in the district court's decision to use Major's

1

prior federal conviction as part of its calculation to determine his criminal history or its decision to bypass sanctions and impose his underlying sentence; accordingly, we affirm.

FACTS

Major pled guilty to two different charges arising from a June 1, 2017 traffic stop. The presentence investigation (PSI) report reflects that Major had one prior conviction for threatening to assault a federal official in violation of 18 U.S.C. § 115 (2008). The PSI report does not indicate whether the prior conviction was a misdemeanor or a felony, likely because the convicting jurisdiction does not designate the crime of threatening to assault a federal law enforcement as a misdemeanor or felony. See 18 U.S.C. § 115(b)(4) (providing only that threat to assault federal officer is punishable by [1] fine, [2] term of prison not to exceed six years, or [3] both). In the description column of the table setting forth Major's prior federal conviction under 18 U.S.C. § 115, the PSI report included a reference to K.S.A. 21-5412, which is the Kansas statute making it a crime to assault a federal law enforcement officer. The PSI report generally references K.S.A. 21-5412 without citing any particular subsection. Although our Kansas statute provides that assault of a federal law enforcement officer is a class A person misdemeanor, it provides that aggravated assault of a federal law enforcement officer is a felony. See K.S.A. 2017 Supp. 21-5412(c)(3), (d), (e)(3), and (e)(4).

Notwithstanding the fact that the PSI report does not indicate whether the prior federal conviction was a misdemeanor or a felony, the author of the report classified it as a felony and, based on that classification, calculated Major's criminal history score to be D. A sentencing hearing was held on September 5, 2017. Major's attorney did not object to the criminal history score of D. For his part, Major personally told the district court— apparently for purposes of distinguishing his prior conviction of simple assault from aggravated assault—that the prior conviction for assault was for a "threatening communication" as opposed to a physical threat and he did not know if that was the

2

"same thing" at the federal level. But the district court saw no reason to delay sentencing given the absence of information to show a difference between a threatening communication and a physical threat. The district court sentenced Major to 24 months in prison but released him on probation for a term of 12 months.

About nine months after he was sentenced, the State filed a motion to revoke Major's probation based on a number of violations of the conditions of his release. Major stipulated to the violations at a revocation hearing on November 15, 2018. The court imposed a three-day "quick dip" jail sanction and ordered Major's 12-month probation period to start anew.

On January 23, 2019, the State moved to revoke Major's probation again after he allegedly committed two more violations: failing to report as directed and failing to inform his intensive supervision officer (ISO) of residence changes. The State later amended that motion to also allege that Major failed to abide by travel restrictions and absconded from probation.

The revocation hearing on this second motion was held on May 9, 2019. Major's ISO, Cindy Davis, testified that Major completed an intake evaluation on December 3, 2018—a little over two weeks after his new probation period started—and met with her once on December 10, 2018. Davis said Major failed to show up for any of his appointments after that. Davis testified that Major's last known address was a motel in Salina but he had checked himself out of the hotel and his whereabouts remained unknown until he was arrested in New Mexico on January 24, 2019. Davis testified that after he failed to show up for his appointments, she affirmatively tried to get in contact with Major by following up with the staff at the motel where he was staying and contacting family members. But she was unable to locate him. He left no messages, no travels requests, and no forwarding information at the motel. Given his actions and her affirmative attempts to find him, Davis believed Major violated the terms of Major's

3

probation and was an absconder, which she defined as individuals who conceal their whereabouts. Davis concluded her testimony by recommending that Major's probation be revoked because she did not believe that an intermediate sanction would be effective.

Major also testified at the revocation hearing and acknowledged that he left the state after completing his intake evaluation and meeting with Davis one time. Major told the district court that he went to Nebraska for Christmas and then to New Mexico to visit the Alamo Indian Reservation because he is a Native American. He said he was arrested during a routine traffic stop while driving back to Salina. An officer pulled him over and discovered there was an open warrant for his arrest. In an attempt to justify his failure to comply with the conditions of his probation and his failure to let his ISO know his location, Major testified Davis told him that he could go 30 or 50 miles outside of Salina without notifying her and that he could leave the state so long as he called her to let her know where he was by 11 p.m. each night. He admitted on cross-examination, however, that he did not call Davis on either of his out-of-state trips. Major ended his testimony by asking the district court to allow him to remain on probation so that he could seek treatment for his drug, alcohol, and mental health disorders.

After hearing the evidence and listening to counsel's arguments, the district court found, "based upon his concealment of location and leaving the state" without "any intent to return," that Major had absconded from custody. Based on this finding, the court bypassed any remaining intermediate sanctions, revoked Major's probation, and ordered him to serve his underlying sentence.

ANALYSIS

Major raises two issues on appeal: (1) the district court erred by classifying his prior federal conviction as a felony for purposes of calculating his criminal history; and (2) the district erred by finding that he absconded. We address each issue in turn.

4

1. *Criminal history*

Major argues the district court improperly scored his 2015 federal conviction under 18 U.S.C. § 115 (threatening to assault a federal official) as a felony instead of a misdemeanor in calculating his criminal history as D. He argues his sentence is illegal as a result. If Major is correct, his criminal history score should have been I.

Although Major failed to raise this claim before the district court, an illegal sentence can be corrected at any time, even for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 975, 318 P.3d 987 (2014). A sentence is illegal if it (1) is imposed by a court lacking jurisdiction, (2) fails to conform to the applicable statutory provisions, or (3) is ambiguous with respect to the time and manner that the sentence is to be served. "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2018 Supp. 22-3504(3); see K.S.A. 2019 Supp. 22-3504(c)(1) (same). Major argues his sentence is illegal because it fails to conform to applicable law. His arguments present a question of law over which this court has unlimited review. See *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019) (illegal sentence issue presents question of law); *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018) (classification of prior crimes requires interpretation of the revised Kansas Sentencing Guidelines Act [KSGA]; statutory interpretation is question of law).

"[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Major was sentenced on September 5, 2017. So we begin our analysis with K.S.A. 2017 Supp. 21-6811(e), which sets forth various rules for the sentencing court to follow in classifying prior out-of-state convictions for purposes of calculating a criminal history:

"(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

(2) An out-of-state crime will be classified as either a felony or a misdemeanor *according to the convicting jurisdiction*:

(A) If a crime is a felony in another state, it will be counted as a felony in Kansas.

(B) If a crime is a misdemeanor in another state, the state of Kansas shall refer to the comparable offense in order to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable crime in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable crime, the out-of-state crime shall not be used in calculating the offender's criminal history score.

(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime a person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state convictions shall be classified as a nonperson crime.

(4) Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications.

(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." (Emphasis added.) K.S.A. 2017 Supp. 21-6811(e).

We note the Legislature amended subsection (e)(2) of the statute in 2018 to provide:

"(C) If a crime is not classified as either a felony or a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as either a felony or a misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of

6

conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history." K.S.A. 2018 Supp. 21-6811(e)(2)(C).

The State has not asked for an opportunity to brief whether this legislative amendment should apply retroactively to Major. See *State v. Smith*, 309 Kan. 929, 938-39, 441 P.3d 472 (2019) (citing *State v. Guenther*, No. 116,386, 2018 WL 2073521, at *7-9 [Kan. App. 2018] [unpublished opinion] [holding amended statute did not apply retroactively to classification of Missouri municipal ordinance violations for sentences imposed in 2015 and 2016]). So we will apply K.S.A. 2017 Supp. 21-6811 that was in effect at the time Major was sentenced in September 2017.

Based on the applicable statutory language, classifying an out-of-state conviction for criminal history purposes is a two-step process. First, the district court must classify the out-of-state crime as either a felony or misdemeanor, according to the classification made by the convicting jurisdiction. K.S.A. 2017 Supp. 21-6811(e)(2); *Smith*, 309 Kan. at 934. Then it must classify it for a second time, as either a person or nonperson offense, by referring to a comparable offense under the Kansas criminal code in effect at the time the current crime of conviction was committed. K.S.A. 2017 Supp. 21-6811(e)(3); *Smith*, 309 Kan. at 934-35; see *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015).

What the KSGA does not provide for is the situation alleged by Major: where an out-of-state crime is not designated in the statute as either a felony or a misdemeanor by the convicting jurisdiction. That omission was addressed by the Kansas Supreme Court in *Smith*, where it stated:

> "Generally, a court cannot add vital omissions to a statute, regardless of what might be determined as the legislative intent. As we stated in *Kenyon v. Kansas Power & Light Co.*, 254 Kan. 287, Syl. ¶ 4, 864 P.2d 1161 (1993):
>> 'In construing a statute, errors plainly clerical in character, mere inadvertences of terminology, and other similar inaccuracies or

deficiencies will be disregarded or corrected where the intention of the legislature is plain and unmistakable. But the court cannot delete vital portions or supply vital omissions in a statute. No matter what the legislature may have intended to do, if it did not in fact do so under any reasonable interpretation of the language used, the defect is one the legislature alone can correct.' [Citation omitted.]" 309 Kan. at 939.

The *Smith* court ultimately held that where an offender has an out-of-state conviction from a jurisdiction that does not designate the crime in its statute as either a misdemeanor or a felony, the out-of-state conviction cannot be used in the calculation of the offender's criminal history score under the KSGA. 309 Kan. at 939-40.

In this case, the district court calculated Major's criminal history score to be D based on his conviction for threatening to assault a federal official in violation of 18 U.S.C. § 115. But like in *Smith*, the out-of-state jurisdiction does not designate in the assault statute itself whether the offense is a felony or a misdemeanor; instead, the statute generally states the possible punishments for threatening to assault a federal official:

> "(a)(1) Whoever—
> . . . .
> (B) threatens to assault . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such official . . . while engaged in the performance of official duties, or with intent to retaliate against such official . . . on account of the performance of official duties, shall be punished as provided in subsection (b).
> . . . .
> "[b](4) A threat made in violation of this section shall be punished by a fine under this title or imprisonment for a term of not more than 10 years, or both, except that imprisonment for a threatened assault shall not exceed 6 years." 18 U.S.C. § 115.

Neither party addressed the applicability of *Smith*; instead, they focused their arguments on the language of a different federal statute, 18 U.S.C. § 3559(a) (2008), which provides:

> "(a) **Classification.**—An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—
>> (1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
>> (2) twenty-five years or more, as a Class B felony;
>> (3) less than twenty-five years but ten or more years, as a Class C felony;
>> (4) less than ten years but five or more years, as a Class D felony;
>> (5) less than five years but more than one year, as a Class E felony;
>> (6) one year or less but more than six months, as a Class A misdemeanor;
>> (7) six months or less but more than thirty days, as a Class B misdemeanor;
>> (8) thirty days or less but more than five days, as a Class C misdemeanor;
>> (9) five days or less, or if no imprisonment is authorized, as an infraction."

We find this section of the federal code distinguishes the facts here from the facts in *Smith*, which dealt with a municipal code that did not contain a general provision purporting to classify any unclassified crime as either a felony or misdemeanor based on the maximum possible punishment. See 18 U.S.C. § 3559(a); see also *Gerbier v. Holmes*, 280 F.3d 297, 310 (3d Cir. 2002) ("As defined in Title 18, a felony is an offense where imprisonment for more than one year is authorized under the relevant criminal statute."). The federal statute expressly states that the maximum term of imprisonment authorized for Major's prior out-of-state conviction—threatening to assault a federal officer—is six years, which necessarily renders his prior conviction a Class D felony as a matter of law. See 18 U.S.C. § 3559(a)(4) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . less than ten years but five or more years."). For this reason, the district court did not err by using Major's prior federal conviction as part of its calculation to determine his criminal history.

## 2. *Absconder*

Major next argues that because the State failed to present sufficient evidence to establish that he was an absconder, the district court lacked the authority to bypass the intermediate sanctions set forth in K.S.A. 2018 Supp. 22-3716 and impose his underlying prison sentence. Generally, once there has been evidence that an offender has violated the conditions of his or her probation, the decision to revoke probation rests soundly in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.39 1191 (2006). But where, as here, the offender does not challenge the district court's authority to revoke probation and instead takes issue with the sentence imposed, it is a question of law over which appellate courts exercise unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Historically, district courts had broad authority to sanction an offender who violated the terms of his or her probation. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). But in 2013, the Legislature significantly limited that authority when it amended K.S.A. 22-3716. See K.S.A. 2013 Supp. 22-3716; *Dooley*, 308 Kan. 641, Syl. ¶ 1. Those amendments were still in effect at the time the probation revocation hearing was held on the State's second motion to revoke probation and required the district court to impose an intermediate sanction when offenders on probation violated the terms of their probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). Intermediate sanctions include a 2- or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B)-(D). Under these limitations, the district court could revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction had been imposed. See K.S.A. 2018 Supp. 22-3716(c)(1)(E).

There were, however, certain exceptions that allowed a district court to revoke a defendant's probation and impose the original sentence without having previously imposed the statutorily required intermediate sanctions. Relevant here, one of those exceptions allowed the district court to bypass intermediate sanctions and revoke probation when a defendant absconded from supervision. See K.S.A. 2018 Supp. 22-3716(c)(8)(B). But simply failing to report to an ISO does not equate to absconding. See *Huckey*, 51 Kan. App. 2d at 458. Instead, an offender absconds when he or she engages "in some course of action (or inaction) with the conscious intent to hide from or otherwise evade the legal process." *Dooley*, 308 Kan. 641, Syl. ¶ 4.

> "Evading the legal process of the court includes the offender's conduct in intentionally avoiding probation supervision, for example, by intentionally avoiding detection by one's probation officer. In determining whether an offender has 'abscond[ed] from supervision,' district courts must consider whether the offender's
>
> > 'acts show the intent that inheres in the definitions of "abscond"—not simply that the [offender] failed to attend one meeting with a probation officer or could not be located for a brief period of time, but that the [offender] sought to "evade the legal process of a court by hiding within or secretly leaving the jurisdiction."' [Citations omitted.]" *Dooley*, 308 Kan. at 657.

To invoke the absconder exception of K.S.A. 2018 Supp. 22-3716(c)(8)(B) and bypass intermediate sanctions, the State has the burden to prove, by a preponderance of the evidence, that a probationer absconded. *Dooley*, 308 Kan. at 655; *Huckey*, 51 Kan. App. 2d at 457. The district court must base its absconder finding on substantial competent evidence which is legal and relevant evidence that a reasonable person would find adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019); see *Dooley*, 308 Kan. at 655. Appellate courts generally give great deference to the factual findings of the district court and will not reweigh evidence, assess the

credibility of witnesses, or resolve evidentiary conflicts. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

Here, Major argues that facts presented at the revocation hearing do not demonstrate a conscious intent to evade the legal process but rather show that he missed only a few of his appointments with his ISO, was not gone from the state for long, and was actually on his way back to Salina when he was arrested in New Mexico. In support of this argument, Major points to his own testimony, in which he claimed that he intended to return to Salina as well as the fact that the city in New Mexico where he was arrested is east of the Alamo Indian Reservation and therefore in the direction of Kansas. But this argument ignores the rest of the testimony presented at the revocation hearing, including his own admissions, which demonstrated that he left the state without informing his ISO and without receiving permission on two separate occasions. That, combined with the location of his arrest in New Mexico—which is more than 700 miles away from Salina, Kansas—is more than enough for a reasonable person to find adequate support for the district court's conclusion that Major consciously tried to hide from or evade the legal process by secretly leaving the jurisdiction. See *Dooley*, 308 Kan. at 655, 657. In sum, we find substantial competent evidence in the record to support the district court's finding that Major absconded from his probation. Based on our finding, we conclude the district court did not err in bypassing the remaining intermediate sanctions and imposing Major's underlying sentence. See K.S.A. 2018 Supp. 22-3716(c)(8)(B). The district court's decision to bypass sanctions and impose underlying sentence is affirmed.

Finding no error in the district court's decision to use Major's prior federal conviction as part of its calculation to determine his criminal history or its decision to bypass sanctions and impose his underlying sentence, we affirm.

Affirmed.