NOT DESIGNATED FOR PUBLICATION

No. 125,549

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR R. CHAPPELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed November 9, 2023. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., MALONE and WARNER, JJ.

PER CURIAM:  Victor R. Chappell appeals his sentence after pleading guilty to one count of aggravated battery. Chappell claims the district court erred in classifying two 2009 Oklahoma convictions for eluding a police officer as person crimes in determining his criminal history score. The State argues that both out-of-state convictions were properly classified as person crimes under the plain language of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). We agree with the State and affirm the district court's judgment.

1

On July 7, 2021, the State charged Chappell with one count of aggravated robbery committed in May 2021. Chappell later pleaded no contest to a reduced charge of aggravated battery. The presentence investigation (PSI) report scored Chappell's criminal history as A. The PSI report included 37 prior convictions. Chappell objected to entries 11, 23, and 29, all out-of-state convictions, which he argued were improperly scored as person felonies under K.S.A. 2020 Supp. 21-6811(e).

At the sentencing hearing on April 28, 2022, the parties agreed that entry 11, an Oklahoma conviction for assault and battery against a detention officer, was a misdemeanor and no longer in dispute for scoring purposes. The district court then heard argument on whether entries 23 and 29, both for eluding a police officer in Oklahoma, were person crimes. The State admitted into evidence certified journal entries of both convictions. The State argued that the Oklahoma convictions should be scored as person felonies under K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) because the crimes required the presence of a person, other than the defendant, a charged accomplice, or another person with whom the defendant is engaged in a drug transaction.

The Oklahoma statute, Okla. Stat. tit. 21, § 540A, which has not been amended since Chappell's convictions, defines the offense of eluding a police officer. The statute includes three subsections. Subsection A defines a misdemeanor offense and subsections B and C define felony offenses. Subsections B and C both require danger or risk of harm to another person. Okla. Stat. tit. 21, § 540A. Because Chappell did not dispute that he was convicted of felony offenses, the State argued that either subsection under which Chappell could have been convicted required the presence of another person. As a result, both convictions had to be person felonies for criminal history purposes.

Chappell agreed that K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) defined a person crime as involving any other person besides "the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance." Chappell assumed the other person involved in his offenses were the police officers being eluded, and he argued the presence of a police officer does not satisfy the spirit of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). The district court agreed with the State and found that because subsections B and C of the Oklahoma statute required the presence of another person and because Chappell had to have been convicted under one of those subsections, the convictions must be scored as person felonies under K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d).

After resolving Chappell's objections to the PSI report, the district court found that Chappell had a criminal history score of B. The district court sentenced Chappell to a 31-month term of imprisonment with 12-months' postrelease supervision. Chappell later moved to withdraw his plea. The district court denied the motion after holding an evidentiary hearing. Chappell timely appealed the district court's judgment.

ANALYSIS

Chappell's sole claim on appeal is that the district court erred in classifying his 2009 Oklahoma convictions for eluding a police officer as person felonies. Chappell claims that categorizing the police officers in those offenses as the other person under K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) violates "the spirit" of the law. We note that under the statement of the case section of his brief, Chappell states that he is also appealing "the denial of his motion to withdraw plea." But Chappell does not address—or even mention—this claim in the rest of his brief. An issue not briefed is waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

The State argues that both Oklahoma convictions of eluding a police officer were properly scored as person felonies under the plain language of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). As a result, the State contends that Chappell receive a legal sentence.

"Classification of prior offenses for criminal history purposes involves interpretation of the [Revised Kansas Sentencing Guidelines Act]; statutory interpretation is a question of law subject to unlimited review." *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). We review de novo whether a prior conviction was properly classified as a person or nonperson crime for criminal history purposes. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be determined. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first try to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should avoid reading something into the statute that is not readily found in its words. 309 Kan. at 164. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language of text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Pulliam*, 308 Kan. 1354, 1364, 430 P.3d 39 (2018).

K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) proscribes that an out-of-state felony conviction shall be classified as a person felony if it involves "the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance." The parties do not dispute that both of Chappell's Oklahoma

4

offenses for eluding a police officer were felonies. Instead, they dispute whether the offenses are person or nonperson felonies.

Chappell was convicted of two felonies for eluding a police officer in accordance with Okla. Stat. tit. 21, § 540A. The statute provides:

"A. Any operator of a motor vehicle who has received a visual and audible signal, a red light and a siren from a peace officer driving a motor vehicle showing the same to be an official police, sheriff, highway patrol or state game ranger vehicle directing the operator to bring the vehicle to a stop and who willfully increases the speed or extinguishes the lights of the vehicle in an attempt to elude such peace officer, or willfully attempts in any other manner to elude the peace officer, or who does elude such peace officer, is guilty of a misdemeanor. . . .

"B. Any person who violates the provisions of subsection A of this section in such manner as to endanger any other person shall be deemed guilty of a felony punishable by imprisonment in the State Penitentiary for a term of not less than one (1) year nor more than Oklahoma Statutes - Title 21. Crimes and Punishments Page 138 five (5) years, or by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment.

"C. 1. Any person who causes an accident, while eluding or attempting to elude an officer, resulting in great bodily injury to any other person while driving or operating a motor vehicle within this state and who is in violation of the provisions of subsection A of this section may be charged with a violation of the provisions of this subsection. Any person who is convicted of a violation of the provisions of this subsection shall be deemed guilty of a felony punishable by imprisonment in a state correctional institution for not less than one (1) year and not more than five (5) years, and a fine of not more than Five Thousand Dollars ($5,000.00)." Okla. Stat. tit. 21, § 540A.

The State argues that there was necessarily a police officer involved in both of Chappell's convictions under the Oklahoma statute and a police officer falls within the definition provided in K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). Therefore, the State argues that Chappell's convictions must be scored as person felonies.

5

Chappell renews the argument he made in district court. He acknowledges the language of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) and concedes that his Oklahoma convictions of eluding a police officer required the presence of the police officers being eluded. But Chappell argues that the presence of a police officer does not satisfy "the spirit" of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). Thus, he claims that his Oklahoma convictions of eluding a police officer should be classified as nonperson felonies.

Chappell's argument is contrary to the text of the statute. K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d) says that an out-of-state conviction will be classified as a person crime if the elements of the offense establish that the crime involves the presence of a person other than (1) the defendant, (2) a charged accomplice, or (3) another person with whom the defendant is engaged in the sale, distribution, or transfer of a controlled substance or a noncontrolled substance. A police officer does not fall into one of these categories, so a police officer qualifies as "the presence of a person" making the out-of-state conviction a person crime under K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d).

This court addressed a similar issue in *State v. Baker*, 58 Kan App. 2d 735, 742-46, 475 P.3d 24 (2020). Baker was convicted of resisting arrest in Missouri. In a later criminal proceeding in Kansas, Baker objected to the PSI report calculating the Missouri conviction as a person felony. The State argued, as it does in Chappell's case, that the police officer involved in the resisting arrest offense satisfied the definition in K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). The *Baker* court agreed with the State and found:

> "Baker fled from one or more police officers. The police officers were present during commission of the crime because they were trying to arrest Baker, and Baker fled from them. The police officers are not Baker, they were not charged accomplices of Baker's, and they were not assisting Baker in certain drug dealings. So Baker's prior conviction was properly calculated as a person offense under subsection (d)." 58 Kan. App. 2d at 746.

6

Chappell concedes that the holding in *Baker* is contrary to his position and supports the State's argument that Chappell's Oklahoma convictions of eluding a police officer should be scored as person crimes. Alternatively, the State argues that the convictions of eluding a police officer can be classified as person crimes under other subsections of K.S.A. 2020 Supp. 21-6811(e). We decline to address those arguments.

In sum, Chappell does not contest that a police officer was present during the commission of the Oklahoma crimes of eluding a police officer. Chappell does not show us why we should depart from the holding in *Baker* or ignore the plain language of K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i)(d). He also does not explain why our decision violates the spirit of the law. As a result, we find no error in the district court's judgment.

Affirmed.