IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,798

STATE OF KANSAS,
*Appellee,*

v.

XAVIER LEE MCCRAY,
*Appellant.*

SYLLABUS BY THE COURT

1.

Before May 23, 2019, the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq., directed sentencing judges to classify an out-of-state conviction as a nonperson crime if it was not comparable to a Kansas crime. If there was a comparable Kansas crime and the Legislature classified it as a person crime, the sentencing judge should classify the out-of-state conviction as a person crime. The sentencing judge considering the comparability of the crimes needed to decide whether the elements of the out-of-state crime were identical to or narrower than a Kansas person crime.

2.

The Illinois crime of aggravated discharge of a firearm, 720 Ill. Comp. Stat. 5/24-1.2(a)(4), is comparable to criminal discharge of a firearm as defined by K.S.A. 2015 Supp. 21-6308(a)(1)(B), a person felony. An Illinois aggravated discharge of a firearm under 720 Ill. Comp. Stat. 5/24-1.2(a)(4) is thus classified as a person offense when calculating a defendant's criminal history score under the revised KSGA when sentencing for a crime committed before May 23, 2019.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 18, 2024. Appeal from Saline District Court; RENE S. YOUNG, judge. Oral argument held September 8, 2025. Opinion filed December 12, 2025. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Kristafer R. Ailslieger,* assistant solicitor general, argued the cause, and *Daniel E. Burrows*, chief deputy attorney general, and *Kris W. Kobach,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Xavier Lee McCray challenges his criminal history score that treated an Illinois conviction for aggravated discharge of a firearm as a person felony. In doing so, McCray does not rely on differences between the elements of Illinois' aggravated discharge statute and the elements of Kansas' criminal discharge statute. Instead, he argues the sentencing judge should have considered that the Illinois prosecutor alleged McCray was liable for the act of another and the applicable Illinois statute allowing for this third-party liability is broader than Kansas' aiding and abetting law.

A Court of Appeals panel rejected McCray's argument. *State v. McCray*, No. 125,798, 2024 WL 4524251 (Kan. App. 2024) (unpublished opinion). It concluded the district court did not err in treating the Illinois offense as a person crime. We agree that the district court properly scored the Illinois conviction without considering the law extending liability for the acts of another; we thus affirm the Court of Appeals and the sentencing judge.

2

The Kansas prosecutor charged McCray with eight counts for acts he committed in February 2016. He pled guilty to two of the counts: unlawful possession of a controlled substance and criminal possession of a firearm by a convicted felon. His sentencing was delayed until 2022 because McCray was serving a sentence outside of Kansas.

Before the Kansas sentencing hearing, McCray received the presentence investigation (PSI) report. The PSI listed McCray's prior convictions and scored his criminal history score as B. It reached this score by using an Illinois conviction for aggravated discharge of a firearm as a person felony.

McCray objected to counting this Illinois conviction as a person felony, arguing the Illinois statute imposing criminal liability did not establish a person felony under Kansas law. The charging document from the Illinois aggravated discharge offense charged him for the actions of a codefendant whose actions were "undertaken in furtherance of a common criminal design or agreement by each defendant, acting together and in concert with each other and being legally accountable to each other." Yet, the judgment identifies only the statutory offense of aggravated discharge of a weapon—abbreviating it to "agg discharge"—and cites that crime's statute, 720 Ill. Comp. Stat. 5/24-1.2(a)(4). The judgment references the count from the charging document, but the judgment neither makes reference to the theory of third-party liability nor cites the statute that permits the state of Illinois to charge a third party for the actions of another.

The Kansas sentencing judge rejected McCray's objection to the score and scored the Illinois offense as a person felony. She agreed with the State that the relevant inquiry was whether the statute defining the Illinois offense of aggravated discharge of a firearm was comparable to the Kansas crime of criminal discharge of a firearm. She determined the Illinois statute was comparable and was thus a person felony.

The sentencing judge sentenced McCray to 34 months for unlawful possession of a controlled substance and 8 months for criminal possession of a firearm by a felon on October 4, 2022. McCray would begin serving the Kansas sentences after completing a prison sentence imposed in an Illinois case.

McCray timely appealed to the Kansas Court of Appeals, arguing his Illinois conviction was not comparable to the Kansas crime because an Illinois prosecutor must present different proof to hold a defendant liable for the acts of another than would a Kansas prosecutor alleging aiding and abetting liability. A unanimous Court of Appeals panel rejected his argument. It observed that neither Illinois nor Kansas uses aiding and abetting or other theories of third-party liability as separate crimes. Because McCray pleaded guilty to aggravated discharge of a firearm, that was the crime of conviction to be compared, and he admitted to those elements. The panel affirmed his sentence. *McCray*, 2024 WL 4524251, at *1.

McCray filed a timely petition for review. We have jurisdiction. See K.S.A. 20-3018(b) (permitting aggrieved party to petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (confirming Supreme Court jurisdiction to review Court of Appeals decisions).

ANALYSIS

Before us, McCray repeats the argument he made to the Court of Appeals, contending Kansas courts must consider the difference between the Illinois and Kansas requirements for proving someone was an aider and abettor or otherwise liable under a third-party theory. He argues the Court of Appeals erred by affirming the conclusion the Illinois conviction was comparable because of the differences in what an Illinois prosecutor must prove to establish third-party liability.

4

*Standard of review*

Our review of this argument requires us to consider the appropriate categorization of a prior offense. This analysis requires us to interpret statutes, including the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., and presents a question of law subject to unlimited review. See *State v. Smith*, 309 Kan. 929, 932, 441 P.3d 472 (2019) (KSGA); *State v. Samuels*, 313 Kan. 876, 880, 492 P.3d 404 (2021) (elements of offenses).

*Legal framework for challenges to criminal history scores*

As we conduct that review, any analysis of a sentencing judge's classification begins with the KSGA. *Samuels*, 313 Kan. at 878.

The KSGA includes sentencing grids that provide presumptive sentences for a defendant's crimes. 313 Kan. at 878. The grid includes a vertical axis that reflects the severity level of the crime and a horizontal axis that reflects the defendant's criminal history. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). A sentencing judge consults this sentencing grid to determine a defendant's presumptive sentence. "A '"presumptive sentence" means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history.'" *Samuels*, 313 Kan. at 878 (quoting K.S.A. 2020 Supp. 21-6803[q]). The criminal history score accounts for a defendant's prior convictions, including out-of-state convictions. 313 Kan. at 878.

To review the assigned criminal history score, Kansas courts look to the statutes in effect at the time a defendant committed the crimes for which he or she was being sentenced. McCray committed those crimes in February 2016. The 2015 supplement to

the Kansas Statutes Annotated includes the statutes applicable when McCray committed the crimes for which he was sentenced here. See 313 Kan. at 878-79.

At the time McCray committed these crimes, K.S.A. 2015 Supp. 21-6811 applied to determining an offender's criminal history. At issue here is subsection (e), which applied to out-of-state convictions. It required an out-of-state conviction to be counted as a felony when counted as a felony in the other state. It also required Kansas to classify the crime as person or nonperson. "In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." K.S.A. 2015 Supp. 21-6811(e)(3). If Kansas has no comparable offense, then the out-of-state conviction is classified as a nonperson crime.

K.S.A. 2015 Supp. 21-6811 provided neither a definition for comparable nor a framework for determining whether a crime was comparable. In 2018, this court in *Wetrich*, 307 Kan. 552, Syl. ¶ 3, stated a test for comparing out-of-state convictions with a Kansas offense to determine whether the statutes of conviction were comparable. The Legislature amended the statute in 2019 and removed the language about comparability. See *State v. Baker*, 58 Kan. App. 2d 735, 738-39, 475 P.3d 24 (2020) (discussing amendments). The amendment became effective May 23, 2019. But for crimes committed before the amendment took effect, this court applies the test from *Wetrich*, 307 Kan. 552, Syl. ¶ 3. *Samuels*, 313 Kan. at 879.

Under the *Wetrich* test, to be a comparable offense, a prior out-of-state crime must have identical or narrower elements than the Kansas offense to which it is being compared. See *Wetrich*, 307 Kan. at 562; *Samuels*, 313 Kan. at 879. If the elements of the out-of-state crime are broader, the out-of-state offense is not comparable, and the sentencing judge must classify the out-of-state offense as a nonperson felony. See *Wetrich*, 307 Kan. at 562; *Samuels*, 313 Kan. at 879.

6

Here, the Illinois judgment reflects that the Illinois crime of conviction was aggravated discharge of a firearm, 720 Ill. Comp. Stat. 5/24-1.2(a)(4), which requires shooting in the direction of a vehicle known

> "to be occupied by a peace officer, a person summoned or directed by a peace officer, a correctional institution employee or a fireman while the officer, employee or fireman is engaged in the execution of any of his or her official duties, or to prevent the officer, employee or fireman from performing his or her official duties, or in retaliation for the officer, employee or fireman performing his or her official duties."

McCray made no argument that the Illinois aggravated discharge statute is broader than Kansas' discharge of a firearm statute. McCray conceded at oral argument that the Illinois aggravated discharge of a firearm statute is narrower than Kansas' statute. And, indeed, a brief comparison of the two statutes shows Illinois' is narrower than Kansas'. Kansas punishes a criminal discharge when a reckless or unauthorized discharge of a firearm is made at, among other things, a motor vehicle that is occupied by any human at the time of the discharge. See K.S.A. 2015 Supp. 21-6308(a)(1)(B). Unlike the Illinois crime of conviction, Kansas' statute does not limit its application to discharge of a weapon at a vehicle containing police, correctional officers, fire department personnel, or certain other individuals. Illinois' aggravated discharge statute is thus narrower than Kansas' criminal discharge statute. Yet, McCray asks this court to consider the theory of liability included in the charging document in comparing his Illinois offense to a Kansas crime. He argues the theory of liability imposes additional elements that must inform a comparability analysis.

We disagree. A few principles support our conclusion that the KSGA does not require a sentencing court to consider the theory of liability that may have supported an out-of-state conviction.

First, we interpret statutes to discern legislative intent using the ordinary meaning of the words the Legislature used. *State v. Larsen*, 317 Kan. 552, 556, 533 P.3d 302 (2023). The language both at the time of the KSGA's enactment in 1993 and at the time of McCray's offense speaks only to comparable offenses and does not address theories or principles of liability. See K.S.A. 1993 Supp. 21-4711(e); K.S.A. 2015 Supp. 21-6811(e)(3). The panel made this point in its opinion. *McCray*, 2024 WL 4524251, at *5. Yet, McCray points us to nothing that contradicts the panel's conclusion, and we see none.

Second, Kansas does not treat third-party accountability as a crime in and of itself: "[A]iding and abetting is not a separate crime in Kansas. Instead, it extends criminal liability to a person other than the principal actor." See *State v. Bodine*, 313 Kan. 378, 396, 486 P.3d 551 (2021). This court has recognized,

> "It is well settled that all participants in a crime are equally guilty without regard to the extent of their participation, and that any person who counsels, aids, or abets in the commission of an offense may be charged, tried and convicted in the same manner as though he were a principal." *State v. Maxwell*, 234 Kan. 393, 399, 672 P.2d 590 (1983).

See also *Bodine*, 313 Kan. at 397 ("'[A]ll participants in a crime are equally guilty without regard to the extent of their participation.'"). Thus, a Kansas conviction may reflect criminal liability for the underlying crime in the same manner for all participants in the crime regardless of whether the actor was the principal or an accessory.

Third, the Legislature is presumed to know the law. *State v. Fleming*, 308 Kan. 689, 700, 423 P.3d 506 (2018). Had the Legislature intended criminal history scores to account for the liability theory that supported the conviction, it could have drafted the statute to show that intent and instruct sentencing courts how to account for the theory of

8

liability in scoring the offense. It did not. We will not interpret the statute to require a sentencing court to consider a theory of liability when such consideration is not supported by the statutory language.

CONCLUSION

We hold the Illinois crime of aggravated discharge of a firearm, 720 Ill. Comp. Stat. 5/24-1.2(a)(4), is comparable to the Kansas crime of criminal discharge of a firearm defined in K.S.A. 2015 Supp. 21-6308(a)(1)(B). A sentencing judge thus properly classifies an Illinois aggravated discharge under 720 Ill. Comp. Stat. 5/24-1.2(a)(4) as a person offense when calculating a defendant's criminal history score for a crime committed before the 2019 statutory amendments to K.S.A. 21-6811 took effect. As a result, the sentencing judge properly scored McCray's Illinois aggravated discharge of a firearm as a person felony.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.